UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GREG ADKISSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG |
| KEVIN THOMPSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG |
| JOE CUNNINGHAM, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| MIKE MCCARTHY, <br>     Plaintiff, <br> v. <br> G.UB.MK CONSTRUCTORS, et al., <br>     Defendants. | ) ) ) ) ) ) ) ) | No.: 3:14-CV-472-TAV-HBG |
| BILL ROSE, <br>     Plaintiff, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |

| | |
|---|---|
| ANGIE SHELTON, as wife and next of Kin on behalf of Mike Shelton, et al., )<br>Plaintiffs, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., et al., )<br>Defendants. )<br>) | No.: 3:15-CV-420-TAV-HBG |
| JOHNNY CHURCH, )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., et al., )<br>Defendants. )<br>) | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR., )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>) | No.: 3:15-CV-462-TAV-HBG |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Report and Recommendation of Magistrate Judge H. Bruce Guyton entered on February 22, 2016 [Doc. 54][1] (the "R&R"), which addresses consolidation of the captioned cases. In the R&R, the magistrate judge recommends the following: (1) that the captioned cases, with the exception of *McCarthy*, be consolidated for discovery and motion practice, but not for trial at this time; (2) that plaintiffs in each of the captioned cases, with the exception of *McCarthy*, be given leave and a deadline for the filing of amended complaints, and that defendants be given responsive pleading deadlines; (3) that counsel for plaintiffs and counsel for defendants be directed to

---

[1] Because the objections relate primarily to *McCarthy v. G.UB.MK Constructors*, Case No. 3:14-CV-472, citations to the record refer to the docket entries in that case, unless otherwise indicated.

2

meet and confer for the purpose of presenting to the Court a joint discovery plan with the goal of expediting preparation of the issue of causation and liability for possible bi-furcated adjudication; (4) that defendants be directed to file Rule 12 motions pursuant to a schedule appropriate for the District Judge; (5) that in *McCarthy*, which is currently set for trial on May 24, 2016, the Court convene a status conference with the goal of maintaining that trial date; and (6) that in the other captioned cases, a new scheduling order be entered. Defendants, G.UB.MK Constructors ("GUBMK") and Jacobs Engineering Group, Inc. ("Jacobs") filed objections to the R&R [Docs. 54, 55]. Plaintiff Mike McCarthy filed a status report endorsing Magistrate Judge Guyton's recommendation [Doc. 57].

I.  **Standard of Review**

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Analysis[2]

Defendant Jacobs asserts three objections: (1) there are common questions of law and fact sufficient for consolidation of *McCarthy* with the other eight cases; (2) the May 24, 2016 trial date set for *McCarthy* should be vacated; and (3) a consolidated master complaint is warranted here [Doc. 56]. Defendant GUBMK objects only to the Court keeping the May 24, 2016 trial date set for *McCarthy* [Doc. 57].

### A. Common Questions of Law and Fact Sufficient for Consolidation

Pursuant to Federal Rule of Civil Procedure 42(a)(2), a court may consolidate actions that "involve a common question of law or fact." The decision regarding whether consolidation is warranted in cases that involve the same factual and legal questions is a determination that falls within a court's discretion. *Cantrell v. GAP Corp.*, 999 F. 2d 1007, 1011 (6th Cir. 1993). In making this decision, a court should consider whether the specific risks of prejudice and possible confusion posed by consolidation are overborne by:

> the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives.

*Id.* In considering these factors, "[c]are must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Id.* Further, "[c]onsolidation is not justified or required simply because the actions *include* a common question of fact or law." *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985).

---

[2] The Court presumes familiarity with this action and the R&R issued in this case [Doc. 54].

4

While there are some factual and legal similarities between *McCarthy* and the eight other cases, the Court notes that the central claim in *McCarthy* is a retaliatory discharge claim, and all of the other captioned cases involve broader torts claims. The Court finds that this fact weighs in favor of not consolidating *McCarthy* with the other eight captioned cases. *See Caspar v. Snyder*, 77 F. Supp. 3d 616, 645–46 (E.D. Mich. 2015) (denying a motion to consolidate where the central question in two cases was different); *see also Hasman*, 106 F.R.D. at 461 ("When cases involve some common issues but individual issues predominate, consolidation should be denied.").

The scope of the other eight cases is much larger than that of *McCarthy* in that there are many more plaintiffs, claims, and evidence to be discovered. Although there are some overlapping issues in the cases, that does not outweigh the fact that the scope of litigation for the other eight cases is far larger than the scope of *McCarthy*, and that consequently, consolidation could unduly delay *McCarthy*. *See Beverlly Jewerlly Co. v. Tacori Enters.*, No. 1:06cv1967, 2006 WL 3304218, at *2 (Nov. 13, 2006) (denying a motion to consolidate where two cases involved similar issues but consolidation would result in the delay of one case because it was much smaller in size and complexity).

Further, in its objection, Jacobs does not recognize the prejudice to GUBMK should *McCarthy* be consolidated with the other cases. *See Cantrell*, 999 F. 2d at 1011 (emphasizing the importance of "unavoidable prejudice" in deciding whether to consolidate); *see also Kensu v. Rapelje*, No. 12-11877, 2014 WL 1415180, at *2 (E.D. Mich. April 14, 2014) (denying a motion to consolidate in part because a defendant was only party to one of the cases sought to be consolidated and there was only one common claim between the

5

cases).  Unlike Jacobs, who is a defendant in all the captioned cases, GUBMK is only a defendant in *McCarthy*.  If the cases were consolidated, therefore, the cost to GUBMK for discovery and motion hearings, among other things, would increase substantially.  To the extent that plaintiff McCarthy and defendant Jacobs will be engaging in the same discovery for their respective cases, those discovery efforts can be coordinated by the parties whether or not the actions are formally consolidated.  *Beverlly Jewerlly Co.*, 2006 WL 3304218*2 at n.1 (finding that a court declining to formally consolidate would not prevent a party from coordinating discovery efforts without court intervention).

The Court also notes that all the captioned cases are pending before the same judicial officers, and that fact "minimizes the risk of inconsistent results and lessens the burden on the Court."  *Roxane Labs., Inc. v. Abbott Labs.*, No. 2:12-cv-312, 2013 WL 5217571, at *3 (S.D. Ohio Sept. 16, 2013).  While the risk of inconsistent results and the burden on a court are generally factors that weigh in favor of consolidation, those dangers are not a substantial issue here.

In sum, while the Court finds that there are factual and legal similarities between *McCarthy* and the other eight cases, the risk of prejudice to the parties outweighs any efficiency that could be achieved through consolidation.  Defendant Jacobs' objection to *McCarthy* being excluded from the consolidation is overruled.

**B.     Vacating the May 24, 2016, Trial Date Set for *McCarthy***

Defendants Jacobs and GUBMK object to the May 24, 2016 trial date currently set for *McCarthy*.  In support, they submit that this case will not be ready for trial on that date because the parties intend to file Rule 12 motions related to threshold, non-merits legal

issues, there has been no Rule 26(f) conference, no discovery has taken place, and no experts have been engaged.

The Court notes that the R&R did not state that the Court should keep the May 24, 2016, trial date. Rather, Magistrate Judge Guyton recommended that "the Court convene a status conference with the goal of maintaining the trial date" [Doc. 54 p. 3]. The Court referred the issue of consolidation to the magistrate judge, and by suggesting that the Court convene a status conference, the magistrate judge left open the issue of a trial continuance.

In light of the defendants' submissions, however, the Court does not find that a status conference is necessary and finds good cause to reschedule the trial in this case. Defendants' objection is sustained to the extent that the Court finds a trial continuance is warranted without a status conference.

### C. Consolidated Master Complaint

Defendant Jacobs argues that the Court should order the filing of a master consolidated complaint. Cases where courts have ordered the filing of master complaints appear to be primarily in specialized areas. *See, e.g.*, *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1358–60 (2d Cir. 1975) (securities); *In re Propulsid Prod. Liab. Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002) (products liability); *In re Wirebound Boxes Antitrust Litig.*, 128 F.R.D. 262, 264–65 (D. Minn. 1989) (antitrust). Further, this Court does not have a common practice of ordering the filing of a consolidated master complaint. In its discretion, the Court does not find that this is an appropriate case for a consolidated master complaint. The defendant's objection to the R&R for not including a provision ordering plaintiffs to file a consolidated master complaint is overruled.

7

**III. Conclusion**

After reviewing the record in this case, including the R&R, and the underlying status reports, the objections to the R&R, plaintiff Mike McCarthy's status report, as well as the relevant law, defendant GUBMK's objection [Doc. 55] is **SUSTAINED**, and defendant Jacobs's objection [Doc. 56] is **OVERRULED in part and SUSTAINED in part**. The Court hereby **GRANTS in part and REJECTS in part** the R&R [Doc. 54], but only rejects it to the extent that the Court finds a trial continuance is warranted in *McCarthy* without a status conference. The Court **ORDERS** as follows:

1. The captioned cases, with the exception of *McCarthy v. G.UM.MK Constructors*, 3:14-CV-472, are **CONSOLIDATED** for discovery and motion practice, but not for trial at this time;

2. Plaintiffs in each of the captioned cases, with the exception of *McCarthy v. G.UM.MK Constructors*, 3:14-CV-472, are given leave to file amended complaints and have **ten days** from the date of entry of this order to do so. Defendants shall have **ten days** from plaintiffs' filing of amended complaints to file responsive pleadings;

3. Counsel for plaintiffs and counsel for defendants are **DIRECTED** to meet and confer for the purpose of presenting to the Court a joint discovery plan with the goal of expediting preparation of the issue of causation and liability for possible bi-furcated adjudication;

4. Defendants are **DIRECTED** to file Rule 12 motions within **ten days** from plaintiffs' filing of amended complaints or upon expiration of that deadline;

5. In *McCarthy v. G.UM.MK Constructors*, 3:14-CV-472, the bench trial, previously scheduled for May 24, 2016, is **CANCELLED** and is **RESCHEDULED** for **Monday, January 23, 2017, at 9:00 a.m.**, and a final pretrial conference is **SCHEDULED** for **Tuesday, January 17, 2017, at 2:00 p.m..** Any scheduling deadlines shall be applied as calculated from the new trial date and according to the same time limitations set forth in the Court's original Scheduling Order [Doc. 20]; and

6. In the captioned cases, with the exception of *McCarthy v. G.UM.MK Constructors*, 3:14-CV-472, a scheduling order or amended scheduling order will be entered contemporaneously with this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE