UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| GREG ADKISSON, et al., | ) | | |
|     Plaintiffs, | ) | | |
| v. | ) | No.: | 3:13-CV-505-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
|     Defendant. | ) | | |
| | ) | *Lead Case Consolidated with* | |
| KEVIN THOMPSON, et al., | ) | | |
|     Plaintiffs, | ) | | |
| v. | ) | No.: | 3:13-CV-666-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
|     Defendant. | ) | | |
| | ) | as c*onsolidated with* | |
| JOE CUNNINGHAM, et al., | ) | | |
|     Plaintiffs, | ) | | |
| v. | ) | No.: | 3:14-CV-20-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
|     Defendant. | ) | | |
| BILL ROSE, | ) | | |
|     Plaintiff, | ) | | |
| v. | ) | No.: | 3:15-CV-17-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
|     Defendant. | ) | | |
| CRAIG WILKINSON, et al., | ) | | |
|     Plaintiffs, | ) | | |
| v. | ) | No.: | 3:15-CV-274-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
|     Defendant. | ) | | |
| ANGIE SHELTON, as wife and next of | ) | | |
| Kin on behalf of Mike Shelton, et al., | ) | | |
|     Plaintiffs, | ) | | |
| v. | ) | No.: | 3:15-CV-420-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
|     Defendant. | ) | | |
| JOHNNY CHURCH, | ) | | |
|     Plaintiff, | ) | | |
| v. | ) | No.: | 3:15-CV-460-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
|     Defendant. | ) | | |

| DONALD R. VANGUILDER, JR., | ) | | |
| --- | --- | --- | --- |
| Plaintiff, | ) | | |
| v. | ) | No.: | 3:15-CV-462-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
| Defendant. | ) | | |
| | ) | | |
| JUDY IVENS, as sister and next of kin, | ) | | |
| on behalf of JEAN NANCE, deceased, | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No.: | 3:16-CV-635-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
| Defendant. | ) | | |
| | ) | | |
| PAUL RANDY FARROW, | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No.: | 3:16-CV-636-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiffs' motions for consolidation [Docs. 123–129 in *Adkisson*, 3:13-CV-505; Docs. 118–124 in *Thompson*, 3:13-CV-666; Docs. 98–104 in *Cunningham*, 3:14-CV-20; Doc. 93 in *Rose*, 3:15-CV-17; Doc. 89 in *Wilkinson*, 3:15-CV-274; Doc. 80 in *Shelton*, 3:15-CV-420; Doc. 81 in *Church*, 3:15-CV-460; Doc. 86 in *Vanguilder*, 3:15-CV-462; Doc. 12 in *Ivens*, 3:16-CV-635], to which defendant filed a consolidated response addressing all of plaintiffs' motions [Doc. 131].[1]  Also before the Court is defendant's Motion for an Amended Scheduling Order and Bifurcated Trial Plan [Doc. 132 in *Adkisson*, 3:13-CV-505; Doc. 127 in *Thompson*, 3:13-CV-666; Doc. 107 in *Cunningham*, 3:14-CV-20; Doc. 96 in *Rose*, 3:15-CV-17; Doc. 92 in *Wilkinson*, 3:15-CV-

---

[1] The Court refers to the docket entries in *Adkisson*, Case No. 3:13-CV-505, unless otherwise indicated.

2

274; Doc. 83 in *Shelton*, 3:15-CV-420; Doc. 84 in *Church*, 3:15-CV-460; Doc. 89 in *Vanguilder*, 3:15-CV-462].

On January 26, 2017, the Court held a status conference in which it heard and considered the parties' positions regarding the issues addressed in these motions, and the Court took the motions under advisement. Also during this status conference, the Court discussed certain scheduling matters with the parties, including a new trial date. For the following reasons, the Court will deny plaintiffs' motions, will grant defendant's motion to the extent stated herein, and will refer these matters to Magistrate Judge Guyton for further consideration on scheduling.

I.  **Background**

On November 23, 2016, defendant filed a motion to modify the deadlines set forth in the scheduling orders, arguing that it could not meet such deadlines because plaintiffs have delayed discovery [Doc. 117]. The Court granted the motion to the extent that it continued the trials and ordered that all unexpired scheduling deadlines were to be recalculated from the new trial dates [Doc. 122]. The Court set a status conference in order to determine trial dates and to discuss bifurcation and consolidation issues with the parties [Doc. 122 p. 5]. In its Order, the also Court provided that to the extent the parties seek to discuss bifurcation or consolidation at the status conference, the parties should file appropriate motions at least thirty days before the status conference [*Id.*].

The Court notes that several cases are already consolidated in certain respects. *Adkisson*, *Thompson*, and *Cunningham*, are completely consolidated, with *Adkisson* acting as the lead case [Doc. 35]. In addition, *Rose*, *Wilkinson*, *Shelton*, *Church*, and *Vanguilder* are

3

all consolidated with the *Adkisson* cases for discovery and motion practice, but not for trial [Doc. 56]. The Court, however, had not issued an order consolidating the recently-filed cases, *Ivens* and *Farrow*, with the other eight cases in any respect.

Upon the Court's invitation, plaintiffs filed motions to consolidate [Docs. 123–129]. In these motions, and at the status conference, plaintiffs assert that the Court should consolidate these actions for trial by grouping together plaintiffs that suffer from similar alleged injuries (e.g., blood cancer, pulmonary diseases, etc.). Plaintiffs argued that consolidation of the cases in this manner would simplify the scientific and medical issues involved.

In its own motion, defendant proposes a bifurcated trial plan consisting of two phases [Docs. 132–133]. The first phase ("Phase I") would be a consolidated trial for all cases and would consider issues of liability and general causation. The second phase ("Phase II") would consider individualized issues of specific causation and damages, and the Court would determine after the close of Phase I whether to consolidate any cases for Phase II.

At the January 26, 2017, status conference, the parties were largely in agreement on the necessity of conducting a consolidated and bifurcated trial as defendant proposes. The parties also appeared to agree that plaintiffs' motions to consolidate would be more appropriately addressed after Phase I of trial is complete.

II.  Analysis

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to

4

avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Furthermore, the Sixth Circuit has observed that a trial plan including bifurcated proceedings may be used by courts as a case management tool. *See Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 562 (6th Cir. 2008) (observing that there are a "number of management tools available to a district court to address any individualized damages issues," such as "bifurcating liability and damage trials, or appointing a magistrate judge or special master to preside over individual damages proceedings").

The parties agreed at the status conference that these cases involve questions common to each case, including whether defendant owed a legal duty to plaintiffs, whether that duty was breached, and whether, in a general sense, defendant's conduct was capable of causing plaintiffs' injuries.[2] However, the cases in this litigation also involve individualized issues and evidence specific to each plaintiff, including specific causation with respect to each individual plaintiff, each plaintiff's alleged injuries, and the extent to which individual plaintiffs are entitled to damages.

The Court has carefully considered the issues addressed in the parties' briefs, along with the positions of the parties as articulated at the status conference. Accordingly, in light of the parties' agreement on the core issues relevant to consolidation and bifurcation, and the presence of both common and specific issues and evidence in this litigation, the Court will grant defendant's motion [Doc. 132] in the following manner.

---

[2] The Court recognizes that while the parties agreed that there is a general causation element in these cases, the parties appeared to disagree somewhat on how plaintiffs could prove general causation. The Court finds, however, that it need not address that issue at this juncture.

5

All captioned cases will be consolidated for discovery, motion practice, and Phase I of trial. Phase I of trial shall involve issues and evidence relating to: (1) whether defendant owed plaintiffs a legal duty; (2) whether defendant breached that duty; and (3) whether defendant's breach was capable of causing plaintiffs' alleged injuries. If necessary, at the conclusion of Phase I, the Court will hold a status conference to assess the overall status of the litigation prior to initiating Phase II. At that time, the Court will consider, among other things, whether remaining claims should be consolidated for Phase II. Phase II will involve issues and evidence relating to: (1) specific causation with respect to individual plaintiffs; (2) each plaintiff's alleged injuries; and (3) the extent to which individual plaintiffs are entitled to damages.

As the Court is proceeding in this matter, and upon apparent agreement between the parties, the Court also finds that it would be appropriate to address plaintiffs' motions to consolidate [Docs. 123–129] after the close of Phase I. As such, the Court will deny plaintiffs' motions with leave to refile.

During the status conference, the Court also addressed defendant's request to enter an amended scheduling order. Specifically, defendant proposes certain scheduling deadlines in its motion and proposes a new trial date [Doc. 133 pp. 7–8]. At the hearing, the parties raised several issues that may affect the parties' abilities to meet defendant's proposed deadlines, such as outstanding discovery, the potential for additional defendants to join this action, additional related cases that have not yet been filed, among other matters. As such, the Court will refer these cases to Magistrate Judge Guyton to hold a case management

conference addressing the issues of an amended scheduling order and the setting of a trial date for Phase I.

### III. Conclusion

For the reasons discussed herein, the Court hereby **DENIES** with leave to refile plaintiffs' motions for consolidation [Docs. 123–129 in *Adkisson*, 3:13-CV-505; Docs. 118–124 in *Thompson*, 3:13-CV-666; Docs. 98–104 in *Cunningham*, 3:14-CV-20; Doc. 93 in *Rose*, 3:15-CV-17; Doc. 89 in *Wilkinson*, 3:15-CV-274; Doc. 80 in *Shelton*, 3:15-CV-420; Doc. 81 in *Church*, 3:15-CV-460; Doc. 86 in *Vanguilder*, 3:15-CV-462; Doc. 12 in *Ivens*, 3:16-CV-635].

In addition, the Court hereby **GRANTS** defendant's Motion for an Amended Scheduling Order and Bifurcated Trial Plan [Doc. 132 in *Adkisson*, 3:13-CV-505; Doc. 127 in *Thompson*, 3:13-CV-666; Doc. 107 in *Cunningham*, 3:14-CV-20; Doc. 96 in *Rose*, 3:15-CV-17; Doc. 92 in *Wilkinson*, 3:15-CV-274; Doc. 83 in *Shelton*, 3:15-CV-420; Doc. 84 in *Church*, 3:15-CV-460; Doc. 89 in *Vanguilder*, 3:15-CV-462] to the extent that the Court will proceed with a bifurcated trial plan with the following phases:

> **Phase I** will be a consolidated trial for all cases and will involve issues and evidence relating to: (1) whether defendant owed plaintiffs a legal duty; (2) whether defendant breached that duty; and (3) whether defendant's breach was capable of causing plaintiffs' alleged injuries.
>
> **Phase II** will involve issues and evidence relating to: (1) specific causation with respect to individual plaintiffs; (2) each plaintiff's alleged injuries; and (3) the extent to which individual plaintiffs are entitled to damages.

Furthermore, the above captioned cases are **CONSOLIDATED** for discovery, motion practice, and Phase I of trial. The Court will determine at the close of Phase I whether any cases should be consolidated for Phase II.

Lastly, the Court hereby **REFERS** these cases to Magistrate Judge H. Bruce Guyton for his consideration and determination or report and recommendation, as may be appropriate, on issues regarding an amended scheduling order and setting a date for Phase I of trial.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

8

Case 3:13-cv-00505-TAV-HBG   Document 136   Filed 01/30/17   Page 8 of 8   PageID #: 3556