GREG ADKISSON, et al., )
     Plaintiffs, )
v. )       No. 3:13-CV-505-TAV-HBG
    )
JACOBS ENGINEERING GROUP, INC., )
     Defendant. )    *Lead case consolidated with*
_____ )
    )
KEVIN THOMPSON, et al., )
     Plaintiffs, )
v. )       No. 3:13-CV-666-TAV-HBG
    )
JACOBS ENGINEERING GROUP, INC., )
     Defendant. )
_____ )
    )    *as consolidated with*
JOE CUNNINGHAM, et al., )
     Plaintiffs, )
v. )       No. 3:14-CV-20-TAV-HBG
    )
JACOBS ENGINEERING GROUP, INC., )
     Defendant. )
_____ )_____
    )
BILL ROSE, )
     Plaintiff, )
v. )       No. 3:15-CV-17-TAV-HBG
    )
JACOBS ENGINEERING GROUP, INC., )
     Defendant. )
_____ )
    )
CRAIG WILKINSON, et al., )
     Plaintiffs, )
v. )       No.: 3:15-CV-274-TAV-HBG
    )
JACOBS ENGINEERING GROUP, INC., )
     Defendant. )
_____ )

1

ANGIE SHELTON, as wife and next of kin  )
on behalf of MIKE SHELTON, et al.,       )
      Plaintiffs,                              )
                                              )
v.                                        )      No.: 3:15-CV-420-TAV-HBG
                                              )
JACOBS ENGINEERING GROUP, INC.,           )
      Defendant.                              )
_____ )
                                              )
JOHNNY CHURCH,                            )
      Plaintiff,                              )
                                              )
v.                                        )      No.: 3:15-CV-460-TAV-HBG
                                              )
JACOBS ENGINEERING GROUP, INC.,           )
      Defendant.                              )
_____)
                                              )
DONALD R. VANGUILDER, JR.,                )
      Plaintiff,                              )
                                              )
v.                                        )      No. 3:15-CV-462-TAV-HBG
                                              )
JACOBS ENGINEERING GROUP, INC.,           )
      Defendant.                              )
_____ )
                                              )
JUDY IVENS, as sister and next of kin,    )
on behalf of JEAN NANCE, deceased,        )
      Plaintiff,                              )
                                              )
v.                                        )      No. 3:16-cv-00635-TAV-HBG
                                              )
JACOBS ENGINEERING GROUP, INC.,           )
      Defendant.                              )
_____ )
                                              )
PAUL RANDY FARROW,                        )
      Plaintiff,                              )
                                              )
v.                                        )      No. 3:16-cv-00636-TAV-HBG
                                              )
JACOBS ENGINEERING GROUP, INC.,           )
      Defendant.                              )
_____ )

2

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT JACOBS ENGINEERING GROUP, INC.

Comes now, the Defendant, Jacobs Engineering Group, Inc. ("Jacobs"), by and through its undersigned counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and files this Amended Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiffs in the matters styled *Greg Adkisson, et al. v. Jacobs Eng'g Grp*., *Inc.*, Case No. 3:13-CV-505-TAV-HBG, *Kevin Thompson, et al. v. Jacobs Eng'g Grp*., *Inc.*, Case No. 3:13-CV-666-TAV-HBG and *Joe Cunningham, et al. v. Jacobs Eng'g Grp*., *Inc.*, Case No. 3:14-CV-20-TAV-HBG.

### AFFIRMATIVE DEFENSES

1.      The Plaintiffs' Amended Complaint and each separate count contained therein fails to state a claim against Jacobs upon which relief can be granted.

2.      Plaintiffs' causes of action against Jacobs are barred because Jacobs is entitled to qualified immunity from suit as a contractor providing services to the Tennessee Valley Authority ("TVA"), a federal governmental agency, in connection with the TVA Kingston Ash Recovery Project.

3.      Plaintiffs' claims and causes of action against Jacobs are barred as a matter of law under the Sixth Circuit's "discretionary function" test set forth in *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641 (6th Cir. 2015).

4.      Plaintiffs' claims and causes of action against Jacobs are barred by the government contractor defense articulated in *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988).

5.      Plaintiffs' claims and causes of action are preempted, in whole or in part, by federal law.

6.      Plaintiffs' claims and causes of action against Jacobs are barred by the applicable statutes of limitation.

7. Plaintiffs' claims and causes of action are barred because each individual Plaintiff lacks standing to pursue some or all of its claims against Jacobs.

8. Jacobs breached no duty of care owed to any named Plaintiff.

9. Plaintiffs' claims and causes of action are barred by the doctrine of assumption of the risk.

10. Plaintiffs' claims and causes of action are barred by the doctrine of laches, waiver and/or estoppel.

11. Plaintiffs' claims and causes of action may be barred, in whole or in part, from recovery due to spoliation of evidence.

12. Plaintiffs' Amended Complaint fails to join all parties necessary for a just adjudication of Plaintiffs' claims.

13. Plaintiffs' claims are barred by the doctrines of *res judicata* and/or claim preclusion.

14. Plaintiffs' claims are barred because, at all times material to the allegations in the Plaintiffs' Amended Complaint, Jacobs complied with the applicable standards of care while performing services on the TVA's Kingston Fly Ash Recovery project, thus barring Plaintiffs' right(s) of action against Jacobs as a matter of law.

15. Under the doctrine of comparative fault, each individual named Plaintiff's claim against Jacobs is barred because any of Plaintiff's alleged damages were solely, directly, and proximately caused by Plaintiff's own negligence in failing to exercise reasonable care for his own health and safety.

16. Under the doctrine of comparative fault, Plaintiffs' claims against Jacobs are barred because, to the extent that the individual named Plaintiff's own negligence was not the

4

sole, direct and proximate cause of any of his alleged injuries, the Plaintiff was negligent in an amount equal to or greater than 50% of the fault attributable to the damages alleged in this case. If it is found that such negligence is less than 50% of the total fault attributable to the damages alleged in this case, then the individual named Plaintiff's recovery should be reduced by the relative extent or percentage of fault or negligence attributable to the Plaintiff.

17.     Any injury or damage sustained by the individual named Plaintiffs was caused, in whole or in part, by each Plaintiff's own lack of due care and fault, and/or by pre-existing conditions, and/or the lack of due care or fault of others for whom Jacobs has no responsibility or control.

18.     Any injury or damage sustained by each individually named Plaintiff was caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Jacobs and for which Jacobs is not liable.

19.     Plaintiffs' claims are barred to the extent that they are based on any alleged duty to warn or disclose the risks associated with fly ash or coal ash because those risks, to the extent they exist, are and have been commonly known.

20.     Plaintiffs did not justifiably rely, or in any fashion whatsoever, rely upon any statement, representation, advice or conduct of Jacobs, and did not act upon any statement, representation, advice or conduct to their detriment.

21.     Each individual named Plaintiff contributed to his/her illness and injuries or unrelated medical conditions by the use, either in whole or in part, of other substances, products, medications and drugs.

22.     Furthermore, under the doctrine of comparative fault, Jacobs asserts that nonparties to the suit, including, but not limited to, the TVA, the U.S. Environmental Protection

Agency ("EPA"), the United States Coast Guard, the Tennessee Department of Environment and Conservation, TVA Employee Resources Group, TVA Retirement Resources Group, TVA Civil Projects Group, G.UB.MK Constructors, TVA Site Construction Services, TVA Equipment Services, Sevenson Environmental Services, Inc., Titan Excavating & Grading, LLC, EnSafe, Inc., GEO-CON, a trade name of the Environmental Barrier Company, LLC, Phillips & Jordan, Inc., Stantec Consulting Services Inc., Stantec Engineering, Geosyntec Consultants, Inc., Merit Construction, MACTEC Engineering and Consulting, Inc., Restoration Services, Inc., Tetra Tech EM, Inc., Environmental Standards, Inc., RJ Lee Group, Inc., ALS, Bureau Veritas, GEL Laboratories, Holleman Trucking, Holleman Landscaping, Eagle SWS, Gibson Farms, L.W. Matteson, Inc., Shaw Environmental, Inc., Mashburn Equipment, LLC, Miller Drilling, Remedial Construction Services, LP and/or Plaintiff's employer, may have caused or contributed to the injuries or damages alleged by the Plaintiff or may have been the cause in fact of Plaintiff's alleged injuries or damages. Accordingly, the trier of fact may allocate fault to any or all of these nonparties for purposes of determining Jacobs' liability, if any, in this suit.

23.     In the event an individual named Plaintiff recovers a judgment against Jacobs, any judgment against Jacobs must be reduced by those payments which that Plaintiff has received or will receive from collateral sources.

24.     The United States is the real party in interest in this action because, as a result of Jacobs' right to indemnification and/or contribution from federal agenc(ies), any judgment against Jacobs in this case would expend itself on the public treasury or domain, or interfere with the public administration. *See Land v. Dollar*, 330 U.S. 731 (1947). As a result, Plaintiffs are not entitled to either punitive damages or a trial by jury. *Cf. Mays v. Tennessee Valley Authority*, 699 F. Supp. 2d 991, 1028-1033 (2010).

25.     An award of punitive damages against Jacobs would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and in violation of the Constitution of the State of Tennessee.

26.     There is no basis in law or fact for the imposition of punitive damages with respect to the claims the Plaintiff has brought against Jacobs.

27.     The punitive damages sought by Plaintiff against Jacobs constitutes an excessive fine under the United States Constitution and the Constitution of the State of Tennessee.

28.     Plaintiffs fail to plead fraud with particularity in compliance with Rule 9 of the Federal Rules of Civil Procedure.

29.     Plaintiffs' claim for strict liability is barred as a matter of law because the program management services Jacobs performed at the Kingston site under its contract with TVA do not constitute ultra-hazardous or abnormally dangerous activity.

30.     All allegations or averments set forth in Plaintiffs' Amended Complaint not herein specifically admitted, denied, or explained are here and now denied as though separately and specifically set forth and denied.

31.     Plaintiffs have failed to state any facts or theories to support their claim for recovery of attorney's fees, and such relief is not available under any of their alleged causes of action.

32.     Any alleged act or omission on the part of Jacobs was not the proximate cause and/or competent producing cause of the alleged injury or alleged damage.

33.     Plaintiffs are misjoined.

34.     No duty to Plaintiffs exists under some or all of the statutes cited by Plaintiffs.

35. No right to a private cause of action exists under some or all of the statutes cited by Plaintiffs.

36. Jacobs reserves the right to amend its Answer to plead any defenses which might be revealed through discovery, or otherwise, during the litigation of this case.

## ANSWER

And now, without waiving any of the foregoing defenses, Jacobs responds to the unnumbered and numbered allegations set forth in Plaintiffs' Amended Complaint as follows:

The unnumbered introductory paragraph of Plaintiffs' Amended Complaint is Plaintiffs' characterization of the case to which Jacobs is not required to respond. To the extent a response is deemed required, Jacobs denies that it is liable to any Plaintiff under any legal theory and in any amount and prays that the cause of action against it be dismissed with costs assessed to the Plaintiffs.

## THE PARTIES

1. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiffs' Amended Complaint.

2. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiffs' Amended Complaint.

3. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiffs' Amended Complaint.

4. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiffs' Amended Complaint.

5. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiffs' Amended Complaint.

6.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiffs' Amended Complaint.

7.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiffs' Amended Complaint.

8.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiffs' Amended Complaint.

9.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiffs' Amended Complaint.

10.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiffs' Amended Complaint.

11.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiffs' Amended Complaint.

12.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiffs' Amended Complaint.

13.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiffs' Amended Complaint.

14.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Plaintiffs' Amended Complaint.

15.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiffs' Amended Complaint.

16.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiffs' Amended Complaint.

17.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiffs' Amended Complaint.

18.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Plaintiffs' Amended Complaint.

19.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiffs' Amended Complaint.

20.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiffs' Amended Complaint.

21.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiffs' Amended Complaint.

22.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Plaintiffs' Amended Complaint.

23.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Plaintiffs' Amended Complaint.

24.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Plaintiffs' Amended Complaint.

25.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiffs' Amended Complaint.

26.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiffs' Amended Complaint.

27.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Plaintiffs' Amended Complaint.

28.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Plaintiffs' Amended Complaint.

29.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Plaintiffs' Amended Complaint.

30.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Plaintiffs' Amended Complaint.

31.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Plaintiffs' Amended Complaint

32.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Plaintiffs' Amended Complaint.

33.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Plaintiffs' Amended Complaint.

34.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Plaintiffs' Amended Complaint.

35.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Plaintiffs' Amended Complaint.

36.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Plaintiffs' Amended Complaint.

37.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Plaintiffs' Amended Complaint.

38.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Plaintiffs' Amended Complaint.

39.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Plaintiffs' Amended Complaint.

40.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Plaintiffs' Amended Complaint.

41.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Plaintiffs' Amended Complaint.

42.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Plaintiffs' Amended Complaint.

43.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Plaintiffs' Amended Complaint.

44.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Plaintiffs' Amended Complaint.

45.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Plaintiffs' Amended Complaint.

46.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Plaintiffs' Amended Complaint.

47.     In response to the allegations contained in Paragraph 47 of the Plaintiffs' Amended Complaint, Jacobs admits that it is a Delaware corporation with its principal place of business in Dallas, Texas.  Jacobs admits that it is licensed to conduct and has conducted business in Roane County, Tennessee.  Jacobs admits that it may be served with process through its registered agent for service of process CT Corporation.  Jacobs denies the remaining allegations in Paragraph 47.

## STATEMENT OF THE CASE

48.     Paragraph 48 of Plaintiffs' Amended Complaint is the Plaintiffs' characterization of the case which contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies all allegations set forth in Paragraph 48 and demands strict proof thereof.

## JURISIDCTION AND VENUE

49.     Paragraph 49 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs admits that venue is proper in this Court.  Jacobs denies the remaining allegations in Paragraph 49.

## GENERAL ALLEGATIONS

50.     Paragraph 50 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations of Paragraph 50 are denied as stated.  By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set forth in the TVA/Jacobs contract dated February 6, 2009.  To the extent the allegations of Paragraph 50 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

51.     Paragraph 51 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs admits that TVA is a corporate agency and instrumentality of the United States, created by and existing pursuant to the Tennessee Valley Authority Act of 1933.  Jacobs also admits that TVA entered into contracts with other individuals and/or entities to provide certain services in connection with the Kingston

Ash Recovery Project. All remaining allegations of Paragraph 51 are denied as stated. By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set forth in the TVA/Jacobs contract dated February 6, 2009. To the extent the allegations of Paragraph 51 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

52. Paragraph 52 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 52 are denied.

53. Paragraph 53 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 53 are denied as stated. By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set forth in the TVA/Jacobs contract dated February 6, 2009. To the extent the allegations of Paragraph 53 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

54. Paragraph 54 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 54 are denied as stated.

55. Paragraph 55 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 55 are denied.

56.     Paragraph 56 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs admits that information identified in Table 4-1 titled "Fly Ash Constituent Information" was in Jacobs' possession.  By way of further response, Jacobs would state that the information identified in Table 4-1 titled "Fly Ash Constituent Information" was identified and listed in the Site Wide Safety Health Plan ("SWSHP") jointly prepared by Jacobs and TVA and reviewed, approved and adopted by the EPA and TVA on June 30, 2009 and made available for viewing by the general public (including each and every Plaintiff) on the internet for more than four years.  All remaining allegations of Paragraph 56 are denied as stated.

57.     Paragraph 57 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 57 are denied as stated.  By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set forth in the TVA/Jacobs contract dated February 6, 2009.  To the extent the allegations of Paragraph 57 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

58.     Paragraph 58 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 58 are denied.

59.     Paragraph 59 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 59 are denied.

60.     Paragraph 60 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 60 and demands strict proof thereof.

61.     Paragraph 61 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 61 and demands strict proof thereof.

62.     Paragraph 62 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 62 and demands strict proof thereof.

63.     Paragraph 63 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 63 and demands strict proof thereof.

64.     Paragraph 64 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 64 and demands strict proof thereof.

65.     Paragraph 65 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 65 and demands strict proof thereof.

66.     Paragraph 66 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 66 and demands strict proof thereof.

67.     Paragraph 67 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in

Paragraph 67 and demands strict proof thereof.

68.    Paragraph 68 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 68 and demands strict proof thereof.

69.    Paragraph 69 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 69 and demands strict proof thereof.

<u>**Negligence**</u>

70.    Paragraph 70 and subparts A-Z thereof, contain legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 70 and its subparts A through Z and demands strict proof thereof.  By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set forth in the TVA/Jacobs contract dated February 6, 2009.  To the extent the allegations of Paragraph 70 and its subparts A-Z add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

71.    Paragraph 71 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies the allegations set forth in Paragraph 71 and demands strict proof thereof.

72.    Paragraph 72 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 72 are denied.  By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set

forth in the TVA/Jacobs contract dated February 6, 2009. To the extent the allegations of Paragraph 72 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

73. Jacobs denies the allegations set forth in Paragraph 73 and demands strict proof thereof.

## Negligence Per Se

74. In response to Paragraph 74 and subparts a-n thereof, Jacobs incorporates by reference its responses to all previous paragraphs of Plaintiffs' Amended Complaint as if set forth herein verbatim. By way of further response, Jacobs would state that Paragraph 74 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 74 are denied. By way of further response, Jacobs would state that 42 U.S.C. § 7401*, et seq.,* Tenn. Code Ann. §§ 8-50-116, 39-13-103, 39-14-408, and Tenn. St. Regs. 1200-3-3 through 1200-3-37, speak for themselves, and to the extent the allegations of Paragraph 74 add to, subtract from, or differ in any way from those statutes and regulations, said allegations are denied.

75. Jacobs would state that Paragraph 75 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 75 are denied. By way of further response, Jacobs would state that 29 C.F.R. § 1900*, et seq.,* 29 C.F.R. §§ 1910.1018*,* 1910.1001, 1910.134, 1910.103 and Tenn. Code Ann. § 50-3-2012, speak for themselves and to the extent the allegations of Paragraph 75 add to, subtract from, or differ in any way from those statutes and regulations, said allegations are denied.

76. Jacobs would state that Paragraph 76 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in

Paragraph 76 are denied. By way of further response, Jacobs would state that 29 C.F.R. § 1910.134(a)(2) speaks for itself, and to the extent the allegations of Paragraph 76 add to, subtract from, or differ in any way from this regulation, said allegations are denied.

77.    Jacobs denies the allegations set forth in Paragraph 77 and demands strict proof thereof.

78.    Jacobs would state that Paragraph 78 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 78 are denied as stated.

79.    Jacobs denies the allegations set forth in Paragraph 79 and demands strict proof thereof.

80.    Jacobs would state that Paragraph 80 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 80 are denied. By way of further response, Jacobs would state that Tenn. Code Ann. § 39-13-103 speaks for itself, and to the extent the allegations of Paragraph 80 add to, subtract from, or differ in any way from this regulation, said allegations are denied.

81.    Jacobs denies the allegations set forth in Paragraph 81 and demands strict proof thereof.

82.    Jacobs would state that Paragraph 82 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, the allegations in Paragraph 82 are denied. By way of further response, Jacobs would state that Tenn. Code Ann. § 39-13-103 speaks for itself, and to the extent the allegations of Paragraph 82 add to, subtract from, or differ in any way from this regulation, said allegations are denied.

## Reckless Failure to Communicate and Warn

83.     In response to Paragraph 83, Jacobs incorporates by reference its responses to all previous paragraphs of Plaintiffs' Amended Complaint as if set forth herein verbatim. To the extent the allegations of Paragraph 83 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

84.     Paragraph 84 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 84 are denied.  By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set forth in the TVA/Jacobs contract dated February 6, 2009.  To the extent the allegations of Paragraph 84 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

85.     Jacobs denies the allegations set forth in Paragraph 85 and demands strict proof thereof.

86.     Jacobs denies the allegations set forth in Paragraph 86 and demands strict proof thereof.

87.     Jacobs denies the allegations set forth in Paragraph 87 and demands strict proof thereof.

88.     Jacobs denies the allegations set forth in Paragraph 88 and demands strict proof thereof.

89.     Jacobs denies the allegations set forth in Paragraph 89 and demands strict proof thereof.

**Reckless/Intentional Infliction of Emotional Distress**

90.     In response to Paragraph 90, Jacobs incorporates by reference its responses to all previous paragraphs of Plaintiff's Amended Complaint as if set forth herein verbatim.

91.     Paragraph 91 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 91 are denied.  By way of further response, Jacobs would state that its duties and responsibilities on the Kingston Ash Recovery Project are set forth in the Jacobs/TVA contract dated February 6, 2009. To the extent the allegations of Paragraph 91 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

92.     Paragraph 92 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 92 are denied as stated.  By way of further response, Jacobs would state that its duties and responsibilities on the Kingston Ash Recovery Project are set forth in the Jacobs/TVA contract dated February 6, 2009. To the extent the allegations of Paragraph 92 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

93.     Jacobs denies the allegations set forth in Paragraph 93 and demands strict proof thereof.

94.     Jacobs denies the allegations set forth in Paragraph 94 and demands strict proof thereof.

95.     Jacobs denies the allegations set forth in Paragraph 95 and demands strict proof thereof.

96.     Jacobs denies the allegations set forth in Paragraph 96 and demands strict proof thereof.

97.     Jacobs denies the allegations set forth in Paragraph 97 and demands strict proof thereof.

98.     Jacobs denies the allegations set forth in Paragraph 98 and demands strict proof thereof.

## Fraud

99.     In response to Paragraph 99, Jacobs incorporates by reference its responses to all previous paragraphs of Plaintiffs' Amended Complaint as if set forth herein verbatim. To the extent the allegations of Paragraph 99 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

100.    Paragraph 100 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 100 are denied and Jacobs demands strict proof thereof.  By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set forth in the TVA/Jacobs contract dated February 6, 2009. To the extent the allegations of Paragraph 100 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

101.    Jacobs denies the allegations set forth in Paragraph 101 and demands strict proof thereof.

102.    Paragraph 102 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 102 are denied and Jacobs demands strict proof thereof.

103.    Jacobs denies the allegations set forth in Paragraph 103 and demands strict proof thereof.

104.     Jacobs denies the allegations set forth in Paragraph 104 and demands strict proof thereof.

105.     Jacobs denies the allegations set forth in Paragraph 105 and demands strict proof thereof.

**Misrepresentation**

106.     In response to Paragraph 106, Jacobs incorporates by reference its responses to all previous paragraphs of Plaintiffs' Amended Complaint as if set forth herein verbatim.

107.     Paragraph 107 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 107 are denied and Jacobs demands strict proof thereof.  By way of further response, Jacobs would state that Jacobs was engaged by TVA to provide certain services in connection with the Kingston Ash Recovery Project, all as more set forth in the TVA/Jacobs contract dated February 6, 2009. To the extent the allegations of Paragraph 107 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

108.     Jacobs denies the allegations set forth in Paragraph 108 and demands strict proof thereof.

109.     Jacobs denies the allegations set forth in Paragraph 109 and demands strict proof thereof.

110.     Jacobs denies the allegations set forth in Paragraph 110 and demands strict proof thereof.

111.     Jacobs denies the allegations set forth in Paragraph 111 and demands strict proof thereof.

112.     Jacobs denies the allegations set forth in Paragraph 112 and demands strict proof

thereof.

113.     Jacobs is without sufficient information to admit or deny the allegations of Paragraph 113, and demands strict proof thereof.

114.     Jacobs is without sufficient information to admit or deny the allegations of Paragraph 114, and demands strict proof thereof.

115.     Jacobs denies the allegations set forth in Paragraph 115 and demands strict proof thereof.

**Strict Liability for Ultra-hazardous or Abnormally Dangerous Activity**

116.     In response to Paragraph 116, Jacobs incorporates by reference its responses to all previous paragraphs of Plaintiffs' Amended Complaint as if set forth herein verbatim.

117.     Paragraph 117 of Plaintiffs' Amended Complaint is the Plaintiffs' characterization of a cause of action which contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies all allegations set forth in Paragraph 117 and demands strict proof thereof.

118.     Jacobs denies the allegations set forth in Paragraph 118 as stated and demands strict proof thereof.

119.     Paragraph 119 contains legal conclusions to which Jacobs is not required to respond.  To the extent the allegations of Paragraph 119 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

120.     Paragraph 120 contains legal conclusions to which Jacobs is not required to respond.  To the extent the allegations of Paragraph 120 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

121.     Paragraph 121 contains legal conclusions to which Jacobs is not required to respond.  To the extent the allegations of Paragraph 121 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

122.     Paragraph 122 contains legal conclusions to which Jacobs is not required to respond.  To the extent the allegations of Paragraph 122 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

123.     Jacobs denies the allegations set forth in Paragraph 123 and demands strict proof thereof.

124.     Paragraph 124 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is deemed required, the allegations in Paragraph 124 are denied as stated.  By way of further response, Jacobs would state that its duties and responsibilities on the Kingston Ash Recovery Project are set forth in the Jacobs/TVA contract dated February 6, 2009. To the extent the allegations of Paragraph 124 add to, subtract from, or differ in any way from the terms of the TVA/Jacobs contract, said allegations are denied.

125.     Jacobs denies the allegations set forth in Paragraph 125 and demands strict proof thereof.

## TORT CAP REMOVAL FOR NON-ECONOMIC AND PUNITIVE DAMAGES

126.     Paragraph 126 contains legal conclusions to which Jacobs is not required to respond.  To the extent the allegations of Paragraph 126 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

127.     Jacobs denies the allegations set forth in Paragraph 127 and demands strict proof thereof.

128. Jacobs denies the allegations set forth in Paragraph 128 and demands strict proof thereof.

129. Paragraph 129 contains legal conclusions to which Jacobs is not required to respond. To the extent the allegations of Paragraph 129 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

130. Paragraph 130 contains legal conclusions to which Jacobs is not required to respond. To the extent the allegations of Paragraph 130 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied. It is further denied that Plaintiffs are entitled under Tennessee law to recover the damages claimed.

## JURY DEMAND

131. Jacobs denies that Plaintiffs are entitled to a trial by jury.

## PRAYER FOR RELIEF

132. In response to Plaintiff's prayer for relief/prayer for judgment, Jacobs denies that Plaintiff is entitled to any relief.

133. All allegations not expressly admitted are denied.

WHEREFORE, Jacobs Engineering Group, Inc. respectfully requests: (1) that Plaintiffs' Amended Complaint be dismissed with prejudice; (2) that Jacobs be awarded its costs and fees in defending this action; and (3) that this Court grant such other and further relief that the Court may deem just and proper.

Respectfully submitted,

_____/s/ S. Joseph Welborn_____
Jefferson C. Orr        (No. 12743)
jorr@smithcashion.com
S. Joseph Welborn      (No. 21747)
jwelborn@smithcashion.com
Joshua K. Chesser      (No. 27993)
jchesser@smithcashion.com
SMITH CASHION & ORR, PLC
231 Third Avenue North
Nashville, Tennessee  37201
Telephone:      (615) 742-8555
Facsimile:      (615) 742-8556

*Attorneys for Defendant*
*Jacobs Engineering Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of March, 2017, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

_____/s/ S. Joseph Welborn_____