UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., ) | | |
|     Plaintiffs, ) | | |
| v. ) | No.: | 3:13-CV-505-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | | |
|     Defendant. ) | | |
| ) | | *Lead Case Consolidated with* |
| ) | | |
| KEVIN THOMPSON, et al., ) | | |
|     Plaintiffs, ) | | |
| v. ) | No.: | 3:13-CV-666-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | | |
|     Defendant. ) | | |
| ) | | as c*onsolidated with* |
| ) | | |
| JOE CUNNINGHAM, et al., ) | | |
|     Plaintiffs, ) | | |
| v. ) | No.: | 3:14-CV-20-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | | |
|     Defendant. ) | | |
| ) | | |
| BILL ROSE, ) | | |
|     Plaintiff, ) | | |
| v. ) | No.: | 3:15-CV-17-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | | |
|     Defendant. ) | | |
| ) | | |
| CRAIG WILKINSON, et al., ) | | |
|     Plaintiffs, ) | | |
| v. ) | No.: | 3:15-CV-274-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | | |
|     Defendant. ) | | |
| ) | | |
| ANGIE SHELTON, as wife and next of ) | | |
| Kin on behalf of Mike Shelton, et al., ) | | |
|     Plaintiffs, ) | | |
| v. ) | No.: | 3:15-CV-420-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | | |
|     Defendant. ) | | |

| | |
|---|---|
| JOHNNY CHURCH,<br>      Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>      Defendant. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>      Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>      Defendant. | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>      Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>      Defendant. | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW,<br>      Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>      Defendant. | No.: 3:16-CV-636-TAV-HBG |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge [Doc. 157].[1]

Now before the Court is the Plaintiffs' Motion to Strike Jacobs Amended Answer or in the Alternative Motion for More Definite Statement [Doc. 156 in *Adkisson*, 3:13-CV-505; Doc. 151 in *Thompson*, 3:13-CV-666; Doc. 131 in *Cunningham*, 3:14-CV-20; Doc. 106 in *Rose*, 3:15-CV-

---

[1] For ease of reference, the Court refers to the docket entries in *Adkisson*, Case No. 3:13-CV-505, unless otherwise indicated.

2

17; Doc. 105 in *Wilkinson*, 3:15-CV-274; Doc. 93 in Shelton, 3:15-CV-420; Doc. 95 in *Church*, 3:15-CV-460; Doc. 98 in *Vanguilder*, 3:15-CV-462; Doc. 26 in *Ivens*, 3:16-CV-635; Doc. 24 in *Farrow*, 3:16-CV-636-TAV-HBG]. Jacobs Engineering Group, Inc., ("Jacobs") filed a Response in opposition. [Doc. 52]. The motion is now ripe for adjudication. For the reasons explained below, the Court **DENIES** the Plaintiffs' motion.

I.  POSITIONS OF THE PARTIES

The Plaintiffs move the Court to strike Jacobs' Amended Answer [Doc. 140], filed on March 17, 2017, or in the alterative, move for a more definite statement. The Plaintiffs assert that the Amended Answer was filed untimely in that it was not filed "within 21 days after filing its original Answer and because Jacobs did not seek permission from the Court prior to filing the Amended Answers." [*Id.* at 3]. The Amended Answer, at paragraph 21, now includes comparative fault as an affirmative defense which the Plaintiffs maintain is insufficiently pled because the affirmative defense requires more detail. Specifically, while the Amended Answer names over 30 entities Jacobs asserts may be comparatively negligent, the Plaintiffs maintain that Jacobs failed to include the addresses of each entity and failed to provide a basis for comparative fault.

Jacobs responds that its Amended Answer was timely filed, citing to this Court's February 23, 2017 Memorandum and Order [Doc. 138] in which the Court set forth an amended schedule for Phase I of trial with a deadline of March 17, 2017, for amending pleadings. Jacobs further maintains that its comparative fault affirmative defense satisfies pleading requirements. In this regard, Jacobs asserts that it properly identified the entities that may be comparatively negligent, the reasons for liability, and provided sufficient notice of the nature of the defense.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may strike a pleading *sua sponte* or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

As an initial matter, the Court finds the Plaintiffs' motion to strike was filed untimely. Jacobs filed their Amended Answer on March 17, 2017. The instant motion was filed on April 18, 2017, approximately 32 days later. Therefore, the Plaintiffs' motion falls outside the 21-day window provided by Rule 12(f). Although Jacobs does not assert this argument, the Court finds that it may deny the Plaintiffs' motion to strike on this basis alone.

Even so, the Court finds that the Plaintiffs' motion should be denied on the merits as well. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading as a matter of course within 21 days after serving it, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. (a)(2). However, as cited by Jacobs, this Court's February 23, 2017 Memorandum and Order [Doc. 138] set forth an amended schedule based upon a new Phase I trial date. In relevant part,

4

the Court ordered that the parties may amend their pleadings on or before March 17, 2017 [*Id.* at 3], the same date in which Jacobs filed its Amended Answers. Therefore, the Plaintiffs' reliance on Federal Rule of Civil Procedure 15(a) is misplaced given the Court's amended schedule.

The Court also declines to order Jacobs to file a more definite statement with regard to its comparative fault affirmative defense. Motions for more definite statements are generally disfavored "and in light of Rule 8(a)(2)'s notice pleading standards and the opportunity for extensive pretrial discovery, courts rarely grant such motions." *Davis v. City of Memphis Fire Dep't*, No. 11-3076-STA-CGC, 2012 WL 2000713, at *3 (W.D. Tenn. May 31, 2012). Federal Rule of Civil Procedure 8(b)(1)(A) requires responsive pleadings to "state in short and plain terms its defenses." In other words, "[t]he general rule is that an affirmative defense may be pled in general terms and will survive a motion to strike as long as it gives the plaintiff fair notice of the nature of the defense." *Bradford Co. v. Afco Mfg.*, No. 1:05-CV-449, 2006 WL 143343, at *5 (S.D. Ohio Jan. 19, 2006) (citing 5 Wright, *et al.*, Federal Practice & Procedure § 1274, at 616-17 (3rd ed. 2004)). The Court has reviewed Jacobs' comparative fault affirmative defense and finds that Jacobs has met the pleading standard of Rule 8. The Plaintiffs have been given fair notice that Jacobs may assert comparative fault against the entities named in its Amended Answer. The specific facts and basis supporting Jacobs' affirmative defense, which the Plaintiffs seek to draw out by requesting a more definite statement, may be learned through discovery.

### III. CONCLUSION

Accordingly, and for the reasons explained above, the Plaintiffs' Motion to Strike Jacobs Amended Answer or in the Alternative Motion for More Definite Statement [**Doc. 156** in *Adkisson*, 3:13-CV-505; **Doc. 151** in *Thompson*, 3:13-CV-666; **Doc. 131** in *Cunningham*, 3:14-CV-20; **Doc. 106** in *Rose*, 3:15-CV-17; **Doc. 105** in *Wilkinson*, 3:15-CV-274; **Doc. 93** in Shelton, 3:15-CV-420;

**Doc. 95** in *Church*, 3:15-CV-460; **Doc. 98** in *Vanguilder*, 3:15-CV-462; **Doc. 26** in *Ivens*, 3:16-CV-635; **Doc. 24** in *Farrow*, 3:16-CV-636-TAV-HBG] is not well-taken, and the same is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge