UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREG ADKISSON, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) <br> ) | No.: 3:13-CV-505-TAV-HBG <br><br> *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) <br> ) | No.: 3:13-CV-666-TAV-HBG <br><br> as c*onsolidated with* |
| JOE CUNNINGHAM, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) <br> ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, ) <br>     Plaintiff, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) <br> ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) <br> ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of ) <br> Kin on behalf of Mike Shelton, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) <br> ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH, <br>     Plaintiff, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR., <br>     Plaintiff, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin, <br> on behalf of JEAN NANCE, deceased, <br>     Plaintiff, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW, <br>     Plaintiff, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | No.: 3:16-CV-636-TAV-HBG |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The parties appeared before the Court for a discovery status conference on December 8, 2017, to address the expert disclosure deadline that was recently reset by Chief Judge Varlan in a continuance Order [Doc. 215] entered on November 9, 2017. Attorneys Keith Stewart, John Dupree, James Scott, and John Tyler Roper appeared on behalf of the Plaintiffs. Attorneys James Sanders and Joseph Welborn appeared on behalf of Defendant Jacobs

Engineering Group, Inc. ("Jacobs").[1]

By way of background, Chief Judge Varlan continued the trial in this matter to April 16, 2018, on motion [Doc. 200] by the Plaintiffs. Importantly, and for the purpose of the issues now before this Court, the Order addressed all other deadlines in this case as follows:

> Any unexpired scheduling deadlines shall be applied as calculated from the new trial date and according to the same time limitations set forth in the Court's original scheduling order [Doc. 37]. Additionally, and pursuant to the scheduling order, the dispositive motion and expert disclosure deadlines are reset to **120** days prior to the trial date.

[Doc. 215 at 3] (emphasis in original). Thereafter, Jacobs requested [Doc. 216] a status conference to discuss the deadlines addressed in the Order. Specifically, the parties interpreted the language allowing for the disclosure of expert witnesses up to 120 days before trial differently. During a November 29, 2017 status conference before Chief Judge Varlan, it became clear that the Plaintiffs interpreted the extension of time as setting an entirely new deadline that allowed the parties to introduce new expert witnesses as well as supplement or provide entirely new opinions from existing experts. In contrast, Jacobs believed the extension of the expert disclosure deadline only applied to existing experts and merely allowed for the supplementation of existing expert reports. After hearing further argument from the parties, Chief Judge Varlan reset the trial to September 17, 2018, and the dispositive motion deadline to 150 days prior to the new trial date. As to the issues related to the expert disclosure deadline, Chief Judge Varlan referred the matter to this Court given the undersigned's familiarity with the procedural posture of this case in matters related to

---

[1] Attorney Karen Crutchfield on behalf of G.UB.MK Constructors was also present but did not participate in the hearing. G.UB.MK Constructors is a Defendant in *McCarthy v. G.UB.MK Constructors et al.*, 3:14-CV-472, which is a related case but has not been consolidated with the above captioned cases.

discovery and expert witnesses.

The Court held a discovery status conference on December 8, 2017. Mr. Stewart, on behalf of the Plaintiffs, informed the Court that they anticipated bringing in three new experts, including Avner Vengosh, Ph.D., who had been identified in their Rule 26 initial disclosures. In addition, the Plaintiffs stated they would in turn eliminate one or two of their existing experts. Moreover, Mr. Stewart expressed the Plaintiffs' belief that the continuance Order reset the clock for disclosure of expert witnesses, thereby allowing them to introduce their three new experts. Mr. Sanders, on behalf of Jacobs, countered that because the expert disclosure deadline had long since passed and been extended for the Plaintiffs, it was not reasonable to interpret the continuance Order as essentially giving the Plaintiffs a "re-do." After hearing further argument on the matter, the Court granted Jacobs' request to allow the parties to brief the matter further.

Having thoroughly reviewed all the relevant filings in this matter, including the Plaintiffs' motion to continue [Doc. 200], Jacobs' response [Doc. 214], the continuance Order [Doc. 215], the parties' status report [Doc. 219], and the parties' post-hearing briefs [Docs. 226 & 229], as well as statements and arguments made before this Court and Chief Judge Varlan, the Court finds the continuance Order did not set a new deadline to allow the disclosure of new expert witnesses. First, the basis of the continuance order and the resetting of the expert disclosure and dispositive motion deadline was at the request of the Plaintiffs, whose motion consistently argued throughout that their existing experts needed additional time to finalize or supplement their reports due, at least in part, to discovery Jacobs had recently disclosed. [Doc. 200 at 4, 6, 8-9]. Indeed, the Plaintiffs' motion concludes that "further considerations must take place by all of the experts involved with this case." [*Id.* at 9]. Accordingly, the Court finds that Chief Judge Varlan's continuance Order neither contemplated nor anticipated the introduction of new expert witnesses

when it reset the expert disclosure deadline. Rather, the Court finds the extension of time was meant to accommodate the Plaintiffs' specific request to allow their existing experts more time to complete and/or supplement their reports accordingly.

Second, the Court observes that at the time the Plaintiffs moved for a continuance, their expert disclosure deadline had expired almost six months prior on May 1, 2017. The Court subsequently extended the deadline to July 14, 2017, to allow the Plaintiffs to correct deficiencies in two expert reports and to provide reports for two other experts who had not filed reports. [Doc. 162]. The Plaintiffs have not made any showing that they are entitled to introduce new experts subsequent to their long passed expert disclosure deadline. While Federal Rule of Civil Procedure 26(e)(2) allows for supplementation of expert reports, the rule only extends to experts who have filed reports pursuant to Rule 26(a)(2)(B). Furthermore, the Plaintiffs argue in their post-hearing brief to the Court that the expert disclosure deadline was reset "because of Jacob's failure to timely comply with discovery obligations." [Doc. 229 at 4]. In other words, the Plaintiffs suggest that they are entitled to introduce new experts because of fault attributed to Jacobs in disclosing discovery. The Court finds that Chief Judge Varlan made no specific finding as to fault, delay, or bad faith on behalf of Jacobs in granting the Plaintiffs' motion to continue.

Accordingly, the Court finds that the extension of the expert disclose deadline only extends to existing experts and the supplementation of their reports. The Court, however, is mindful that the Plaintiffs did initially identify Dr. Vengosh in their Rule 26 disclosures and therefore Jacobs has been on notice of the potential for Dr. Vengosh to be an expert witness in this case, albeit no further disclosure under Rule 26(a)(2)(B) has been made. However, the two additional experts that the Plaintiffs wish to introduce—an industrial hygienist and medical doctor/toxicologist— have not been identified by the Plaintiffs to date, and the Plaintiffs have not provided any

information as to how soon they will be able to identify these two experts. Given the initial disclosure of Dr. Vengosh and the new trial date of September 17, 2018, the Court will **GRANT** the Plaintiffs **30** days from the date of this Order to submit a short report to the Court that (1) identifies the names of the new expert witnesses, (2) a general statement of the testimony the experts are expected to provide, (3) the basis for their testimony, and (4) a brief statement as to why the Plaintiffs need these expert witnesses and why the Court should allow late disclosure. Jacobs shall have **14** days to file a response. Thereafter, the Court will determine whether the Plaintiffs have shown good cause for allowing new experts in this case. *See* Fed. R. Civ. P. 16(b)(4) (a court's scheduling order "may be modified only for good cause and with the judge's consent"). Finally, as to existing expert reports, the parties shall have up to **60** days prior to the date of trial to supplement expert reports.

IT IS SO ORDERED.

ENTER:

_____
United States Magistrate Judge