UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GREG ADKISSON, et al.,<br>    Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG<br><br>*Lead Case Consolidated with* |
| KEVIN THOMPSON, et al.,<br>    Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG<br><br>as *consolidated with* |
| JOE CUNNINGHAM, et al.,<br>    Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al.,<br>    Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of<br>Kin on behalf of Mike Shelton, et al.,<br>    Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH, )<br>     Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>     Defendant. )<br>_____ ) | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR., )<br>     Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>     Defendant. )<br>_____ ) | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin, )<br>on behalf of JEAN NANCE, deceased, )<br>     Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>     Defendant. )<br>_____ ) | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW, )<br>     Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>     Defendant. )<br>_____ ) | No.: 3:16-CV-636-TAV-HBG |

## **ORDER**

Before the Court is plaintiffs' motion for judicial notice [Doc. 267]. Defendant responded in opposition to this motion [Doc. 271] and plaintiffs replied [Docs. 272, 273]. The Court **ORDERS** additional briefing from the parties that addresses whether judicial notice is necessary in the event that the evidence in question is otherwise admissible, either via Federal Rule of Evidence 807 or any other theory plaintiffs wish to present. The parties are also invited to address whether, if admissible, the evidence in question can or should be considered in

relation to defendant's pending motion for partial summary judgment.  Plaintiffs shall file their brief within **five (5) days** of entry of this order, and defendant shall have an additional **five (5) days** to respond.

    IT IS SO ORDERED.

                                  s/ Thomas A. Varlan
                                  CHIEF UNITED STATES DISTRICT JUDGE