# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| GREG ADKISSON, et al., ) | |
|     Plaintiffs, ) | |
| v. ) | No. 3:13-CV-505-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
|     Defendant. ) | *Lead case consolidated with* |
| _____) | |
| KEVIN THOMPSON, et al., ) | |
|     Plaintiffs, ) | |
| v. ) | No. 3:13-CV-666-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
|     Defendant. ) | |
| _____) | *as consolidated with* |
| JOE CUNNINGHAM, et al., ) | |
|     Plaintiffs, ) | |
| v. ) | No. 3:14-CV-20-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
|     Defendant. ) | |
| _____) | |
| BILL ROSE, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:15-CV-17-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
|     Defendant. ) | |
| _____) | |
| CRAIG WILKINSON, et al., ) | |
|     Plaintiffs, ) | |
| v. ) | No.: 3:15-CV-274-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
|     Defendant. ) | |
| _____) | |
| ANGIE SHELTON, as wife and next of kin ) | |
| on behalf of Mike Shelton, et al., ) | |
|     Plaintiffs, ) | |
| v. ) | No.: 3:15-CV-420-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
|     Defendant. ) | |
| _____) | |
| JOHNNY CHURCH, ) | |
|     Plaintiff, ) | |
| v. ) | No.: 3:15-CV-460-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
|     Defendant. ) | |

| | |
|---|---|
| DONALD R. VANGUILDER, JR.,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No. 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No. 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No. 3:16-CV-636-TAV-HBG |

**JACOBS ENGINEERING GROUP, INC.'S RESPONSE TO PLAINTIFF WILKINSON'S MOTION SEEKING LEAVE TO FILE DISPOSITIVE MOTION**

Jacobs Engineering Group, Inc. ("Jacobs") respectfully opposes Plaintiff Craig Wilkinson's Amended Motion to Withdraw Request for Severance and to Only Seek Specific Leave from the Court's Scheduling Order to Allow Craig Wilkinson Judicial Approval for an Extension from the Court's Dispositive Motion Deadline Due to Good Cause Shown in Order to File a Motion for Partial Summary Judgment ("the Motion"). [Doc. 276.] Plaintiffs' untimely disclosure of Dr. Diane Vakante-Jankovic is neither substantially justified nor harmless, and should be excluded. Fed. R. Civ. P. 37(c). And Plaintiffs cannot show that their untimely request for an extension of dispositive motion deadline is the result of excusable neglect, or that there is good cause to grant such a request. Fed. R. Civ. P. 6(b), 16(b)(4). For multiple reasons, Jacobs would clearly be unfairly prejudiced if these requests were granted. In short, this Motion is another

2

untimely and unjustified attempt to accomplish what the Plaintiffs failed to accomplish before the applicable deadlines in this case expired: to show through expert proof that *their* exposure to fly ash at the Kingston site could have caused the harm they allege. For all of these reasons, and for the reasons set forth below, the Motion should be denied.

## LEGAL STANDARDS

In its March 9, 2018 Memorandum and Order, the Court addressed the standards that applied to Plaintiffs' prior requests to reopen expert discovery and extend deadlines in this case, and that reasoning applies here as well. The Court explained that under Rule 16(b):

> [A] court's scheduling order "may be modified only for good cause and with the judge's consent." In determining whether good cause has been shown, the primary consideration is "the moving party's diligence in attempting to meet the case management order's requirements." *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Additionally, whether the nonmoving party would be prejudiced by the modification is a relevant factor to consider. *Id.* However, even in the absence of prejudice, the moving party must nonetheless demonstrate good cause for "why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 906-08 (6th Cir. 2003)).

[Doc. 235, at 8.]

The Court also explained that under Rule 6(b)(1)(B):

> [A] "court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Our Supreme Court has set out five factors courts are to balance in determining whether excusable neglect exists: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395 (1993)).

*Id.* at 9.

The Court further explained that Rule 6 applies "in instances where a party has requested an extension of time to an already-expired deadline." [*Id.* at 9-10 (citing *Barnes v. Malinak*, 2017 WL 3161686, at *1 (E.D. Tenn. July 25, 2017); *Am.'s Collectibles Network, Inc. v. Syndicate 1414*, No. 3:08-CV-96, 2009 WL 2929417, at *1 (E.D. Tenn. Sept. 8, 2009)).] "Thus, regardless of whether Rule 6 or Rule 16 is more applicable, the movant must nonetheless demonstrate 'good cause,' a standard enumerated in both rules." [*Id.* at 10 (citation omitted);] *see also Gatza v. DCC Litig. Facility, Inc.*, 2017 WL 4900454, at *2 (6th Cir. Oct. 31, 2017); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006); *Barnes v. Malinak*, No. 3:15-CV-556-PLR-HBG, 2017 WL 3161686, at *2 (E.D. Tenn. July 25, 2017); *Am.'s Collectibles Network, Inc. v. Syndicate 1414*, No. 3:08-CV-96, 2009 WL 2929417, at *1 (E.D. Tenn. Sept. 8, 2009).

## RELEVANT PROCEDURAL HISTORY

Mr. Wilkinson moves the Court to extend deadlines that have already expired. The Plaintiffs' dispositive motion deadline expired on April 20, 2018.[1] [Doc. 220.] Plaintiffs were ordered to disclose their Phase I expert witnesses on or before May 1, 2017. [Doc. 138, at 3.] They did so, identifying nine expert witnesses. [Doc. 261, at 3.] Jacobs disclosed its experts on August 18, 2017. Plaintiffs did not serve any rebuttal expert reports. The fact discovery deadline,

---

[1] At the November 29, 2017 status conference, counsel for the parties discussed with the Court matters pertaining to scheduling and requested clarification regarding the deadlines in the November 9 Order. [Doc. 220]. Plaintiffs' counsel informed the Court that there had been a fire at their office, prompting the Court to reset the trial date to September 17, 2018 and reset the dispositive motion deadline to 150 days prior to the September 17 trial date, or April 20, 2018. On June 8, 2018, the Court reset the trial to October 16, 2018. [Doc 265]. That Order states: "All unexpired scheduling deadlines shall be applied as calculated from the new trial date and according to the same time limitations set forth in the Court's original Scheduling Order [Doc. 37]." [Doc. 265, at 2-3]. Thus, the dispositive motion deadline was not modified because it had already expired at the time of the June 8, 2018 Order.

which was extended multiple times, expired on October 13, 2017. [*See* Doc. 57, 86, 122, 138, 162.]

Jacobs filed its initial Motion for Partial Summary Judgment as to the issue of general causation on October 6, 2017. [Doc. 191, 192]. Plaintiffs then moved to continue the trial date. The Court granted that Motion on November 9, 2017, and ordered that the trial would be continued to April 16, 2018. [Doc. 215]. In that Order, the Court denied, without prejudice, Jacobs's Motion for Partial Summary Judgment. [*Id.*; *see also* Doc. 138, at 3.]

Between November 29, 2017 and February 2018, Plaintiffs asked the Court to extend their expert disclosure deadlines, and sought to disclose three new experts. [*See* Doc. 224, Transcript of 11/29/17 Proceedings, at 24:3-17, 52:4-11; Doc. 230, at 5; Doc. 233.] On, March 9, 2018, the Court issued a Memorandum and Order denying Plaintiffs' request to extend the expert disclosure deadline, and granted Jacobs's motion to exclude Plaintiffs' newly-disclosed experts. [Doc. 235]. The Court found that the Plaintiffs had not acted diligently in seeking an extension of time and that they had not demonstrated good cause, or excusable neglect for their delay in seeking a modification of the expert disclosure deadline. [*Id.*]

Jacobs filed its Renewed Motion for Partial Summary Judgment on General Causation on March 9, 2018. [Doc. 237.] That Motion, which has been fully briefed by the parties, is currently pending before the Court. The extended deadline to file dispositive motions expired on April 20, 2018. Jacobs also filed its Motion to Exclude Opinions of Plaintiffs' Experts on General Causation on March 19, 2018. [Doc. 240.] The deadline for *Daubert* motions expired on March 20, 2018. That Motion was recently denied by the Court on July 18, 2018. [Doc. 279.] On July 16, 2018, Plaintiffs indicated, for the first time, that they intended to rely upon expert opinions from Dr. Vakante-Jankovic, when they filed the instant Motion.

Significantly, Plaintiffs communicated with Dr. Vakante-Jankovic about this case long before they obtained her recently-filed letter. On February 15, 2016, Plaintiffs submitted their Status Report on Consolidation. [Case 3:15-cv-00274-TAV-HBG, Doc. 16.] In the Report, Plaintiffs stated that "Plaintiff, Craig Wilkinson, is awaiting pulmonary rehabilitation…His doctor is of the opinion that expedition of this litigation is essential to preserve his health." [*Id.*] As support for the statement, Plaintiffs relied upon an affidavit of Dr. Vakante-Jankovic, who stated more than two years ago: "I am Craig Wilkinson's treating physician. I believe it is in his best physical, as well as psychological interest, to have any legal matters related with his health problems associated with fly ash to be handled expeditiously due to his chronic life threatening health problems related thereto." [*Id.* at Doc. 16-1.]

In sum, Plaintiffs have had multiple opportunities to properly disclose expert witnesses, including Dr. Vakante-Jankovic, and to move for summary judgment. The deadlines Mr. Wilkinson seeks to extend had already passed at the time he filed the instant Motion. And those deadlines have already been extended multiple times during the five-year pendency of this litigation. It is against that backdrop that Mr. Wilkinson now seeks yet another extension of time to produce expert proof just eleven weeks before trial.

## **ARGUMENT**

**1. The Motion should be denied because Mr. Wilkinson has failed to show excusable neglect or good cause.**

The instant Motion must be denied unless Mr. Wilkinson demonstrates that his failure to timely seek an extension was the result of excusable neglect, as well as good cause for extending the applicable deadlines. Fed. R. Civ. P. 6(b), 16(b)(4). Mr. Wilkinson argues that the expired dispositive motion and expert disclosure deadlines should be extended because the filing of a motion for partial summary judgment would lead to "a quick resolution to his legal matter," which

6

would "assist in his recovery." [*See* Doc. 276, 276-3.] Setting aside the implicit unsupported assumptions in his argument (*i.e.*, that Mr. Wilkinson's case would be more quickly resolved by way of a partial dispositive motion rather than by actually trying the case in October[2]), Mr. Wilkinson has not demonstrated diligence in meeting the deadlines at issue, and has failed to show excusable neglect or good cause so as to justify the extensions of those deadlines.

As an initial matter, Mr. Wilkinson has failed to identify any new information justifying his delay in seeking the extension of time to disclose experts. In particular, Mr. Wilkinson relies upon Exhibit 3 [Doc. 276-3], a June 26, 2018 letter from Dr. Vakante-Jankovic, addressed to "To Whom it May Concern." As described, *supra*, the very same statement was submitted more than two years ago, in February of 2016. [*See* Case 3:15-cv-00274-TAV-HBG, Doc. 16, Plaintiffs' Status Report on Consolidation.] Dr. Vakante-Jankovic's 2016 affidavit both confirms that there is *not* any new information that would justify the relief requested and that, for years, Plaintiffs have treated Dr. Vakante-Jankovic's statements as non-opinion commentary on the status of Mr. Wilkinson's health, rather than expert opinion. Moreover, Dr. Vakante-Jankovic's latest letter is dated three weeks before Mr. Wilkinson filed his "time critical" Motion to extend the dispositive motion deadline. Thus, Mr. Wilkinson cannot justify his lack of diligence by pointing to any new development, information, or substantial change in circumstances. In short, the information he relies upon in his Motion was available long ago, and he, alone, was in control of all such information. On that basis, his Motion should be denied under Rules 6(b) and 16(b)(4).

Mr. Wilkinson has also failed to establish that his untimely disclosure of this new proof was substantially justified or harmless. Fed. R. Civ. P. 37(c). There is no basis for concluding

---

[2] Jacobs respectfully suggests that the quickest resolution of Mr. Wilkinson's legal matter would come by trying this case as scheduled rather than by reopening the dispositive motion and expert disclosure deadlines as requested in his Motion.

that Mr. Wilkinson's failure to timely disclose this information was substantially justified. Mr. Wilkinson also does not contend that his late disclosure was the result of an "honest mistake." *See Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (*quoting Vance v. United States,* 1999 WL 455435, at *5 (6th Cir. June 25, 1999))(emphasis added) ("The advisory committee's note to Rule 37(c) 'strongly suggests that 'harmless' involves an *honest mistake* on the part of a party coupled with sufficient knowledge on the part of the other party.'").

Moreover, allowing this late disclosure would significantly impact scheduling in this case going forward. Mr. Wilkinson seeks to introduce an entirely new round of expert proof but, even now, has not actually disclosed the opinions he intends to rely upon. Mr. Wilkinson has not disclosed a report from Dr. Vakante-Jankovic that even arguably satisfies the requirements of Rule 26. And Mr. Wilkinson's Motion further states that the summary judgment motion he hopes to file will include "supporting affidavits from scientist [sic] and or medical providers effectuate [sic] the medical interest of the Plaintiff." [Doc. 276, at 3-4.] All of the issues he now wishes to introduce in this case would have been addressed in Jacobs' summary judgment and *Daubert* Motions, and *should* have been addressed by Plaintiffs well before those Motions were filed. Moreover, allowing additional proof and additional dispositive motions at this stage in the case would almost certainly result in a delay of the trial currently scheduled to begin in October 2018.

Under these circumstances, the Court should conclude that Mr. Wilkinson's failure to comply with the applicable deadlines was not substantially justified or harmless, and should exclude the purported expert opinions of Dr. Vakante-Jankovic (as well as those of any other new, unidentified expert Mr. Wilkinson wishes to disclose). Fed. R. Civ. P. 37.

8

**2. The Motion should be denied as an untimely attempt to introduce improper expert proof.**

It appears that Mr. Wilkinson contends that Dr. Vakante-Jankovic's June 26, 2018 statement [Doc. 276-3] is an expert opinion relevant to general causation. It is not. At most, it is a prelude to a potential opinion as to Mr. Wilkinson's current state of health. The five-sentence letter is a bare conclusion without basis or explanation. It is impossible to confirm, from what has been provided, that the purported "opinion" is anything more than an explanation that *Mr. Wilkinson* provided when Dr. Vakante-Jankovic took his patient history. The conclusory statement does not, and cannot, remedy the Plaintiffs' failure to produce a scientifically-valid expert opinion that quantifies the minimum level(s) at which the constituents of fly ash can cause health effects, the doses to which Plaintiffs might have been exposed or the duration of such exposure, or the extent to which exposure to the fly ash equates to exposure to the constituents in fly ash.

Moreover, the Plaintiffs never identified Dr. Vakante-Jankovic as a witness who was retained or specially employed to provide expert testimony in the case. Mr. Wilkinson did not identify Dr. Vakante-Jankovic in response to Jacobs' interrogatory seeking the identification of expert witnesses. As stated, Plaintiffs have failed to provide the information required by Rule 26(a)(2)(B) pertaining to Dr. Vakante-Jankovic.[3] *See also R.C. Olmstead, Inc. v. CU Interface,*

---

[3] Pursuant to Rule 26(a), "if the witness is one retained or specially employed to provide expert testimony in the case," the disclosure "must" include a signed written report that contains the following: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

*LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (citation omitted) (expert reports must be thorough in order to avoid ambush and "must include [the] 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions.").

Critically, general causation has been *the* key issue in these cases since the Court first ordered that it would be covered in Phase I approximately a year and a half ago. [*See* Doc. 136.] Yet, despite having communicated with Dr. Vakante-Jankovic at least by February 2016, Plaintiffs have never once indicated that they considered her to be a general causation expert, or that they believed she held any opinion relevant to that issue. If Plaintiffs intended to rely upon Dr. Vakante-Jankovic as a general causation expert, they should and *would* have disclosed her previously. The Court should exclude Dr. Vakante-Jankovic's conclusory remarks, and should preclude this untimely and prejudicial attempt to backdoor unsupported expert proof into this case.

Additionally, Mr. Wilkinson's Motion states that the summary judgment motion he hopes to file will include "supporting affidavits from scientist [sic] and or medical providers effectuate [sic] the medical interest of the Plaintiff." [Doc. 276, at 3-4.] It remains unclear what these unidentified scientist(s) or medical providers might say in support of such a motion. Regardless, Mr. Wilkinson clearly should not be permitted to file a dispositive motion which relies upon unidentified, not-yet-disclosed expert witnesses. For this reason as well, the Motion should be denied.

In sum, Mr. Wilkinson should not be permitted to improperly introduce untimely and improper expert proof, and his Motion should be denied.

## **CONCLUSION**

Plaintiff Wilkinson has not identified any appropriate basis for another extension of time to disclose additional expert proof, or additional time to file a new summary judgment motion. For all of these reasons, Jacobs respectfully requests that the Court deny the Motion in its entirety.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ James F. Sanders
    James F. Sanders    No. 005267
    jsanders@nealharwell.com
    J. Isaac Sanders    No. 029372
    isanders@nealharwell.com
    Marie T. Scott    No. 032771
    mscott@nealharwell.com
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
Telephone: (615) 244-1713
Facsimile: (615) 726-0573

*- and –*

**SMITH CASHION & ORR, PLC**
Jefferson C. Orr    (No. 12743)
jorr@smithcashion.com
S. Joe Welborn    (No. 21747)
jwelborn@smithcashion.com
Joshua K. Chesser    (No. 27993)
jchesser@smithcashion.com
231 Third Avenue North
Nashville, Tennessee 37201
Telephone: (615) 742-8555
Facsimile: (615) 742-8556

*Attorneys for Defendant*
*Jacobs Engineering Group, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of July, 2018, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ James F. Sanders