| | |
|---|---|
| GREG ADKISSON, et al.,<br>　　　　Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　　Defendant. | No.:　3:13-CV-505-TAV-HBG<br><br>*Lead Case Consolidated with* |
| KEVIN THOMPSON, et al.,<br>　　　　Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　　Defendant. | No.:　3:13-CV-666-TAV-HBG<br><br>as *consolidated with* |
| JOE CUNNINGHAM, et al.,<br>　　　　Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　　Defendant. | No.:　3:14-CV-20-TAV-HBG |
| BILL ROSE,<br>　　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　　Defendant. | No.:　3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al.,<br>　　　　Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　　Defendant. | No.:　3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of<br>Kin on behalf of Mike Shelton, et al.,<br>　　　　Plaintiffs,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　　Defendant. | No.:　3:15-CV-420-TAV-HBG |

| JOHNNY CHURCH, ) | |
| Plaintiff, ) | |
| v. ) | No.: 3:15-CV-460-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
| Defendant. ) | |
| ) | |
| ) | |
| DONALD R. VANGUILDER, JR., ) | |
| Plaintiff, ) | |
| v. ) | No.: 3:15-CV-462-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
| Defendant. ) | |
| ) | |
| ) | |
| JUDY IVENS, as sister and next of kin, ) | |
| on behalf of JEAN NANCE, deceased, ) | |
| Plaintiff, ) | |
| v. ) | No.: 3:16-CV-635-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
| Defendant. ) | |
| ) | |
| ) | |
| PAUL RANDY FARROW, ) | |
| Plaintiff, ) | |
| v. ) | No.: 3:16-CV-636-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiffs' motion for judicial notice [Doc. 267]. Defendant responded in opposition [Doc. 271], and plaintiffs replied [Docs. 272, 273]. The Court ordered additional briefing from the parties to address whether the Court should take judicial notice of the proffered facts [Doc. 275]; plaintiffs filed such a brief [Doc. 280], and defendant responded [Doc. 281]. In the meantime, plaintiffs have filed two more motions to take judicial notice [Docs. 277, 278], to which defendant has also responded [Docs 284, 285]. Across these three

2

motions, plaintiffs ask the Court to take judicial notice of multiple facts, which are assertedly contained in several documents, including: the contract between TVA and Jacobs, the Site Wide Safety and Health Plan ("SWSHP") developed by Jacobs, the EPA's Administrative Order on Consent ("AOC"), and another document, apparently also published by the EPA, regarding the disposal of the Kingston coal ash and titled "Frequently Asked Questions Regarding the Disposal of Coal Ash at the Perry County Arrowhead Landfill" ("EPA FAQ").

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. The Rule, in relevant part, provides:

> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
> **(1)** is generally known within the trial court's territorial jurisdiction; or
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> **(c) Taking Notice.** The court:
> . . . .
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

*Id.* Where "there is considerable dispute over the significance of [a document's] contents," judicial notice is not appropriate. *See United States v. Husein*, 478 F.3d 318, 337 (6th Cir. 2007) (quoting *United States v. Bonds*, 12 F.3d 540, 553 (6th Cir. 1993)). "A judicially noticed fact is conclusive in a civil case." *Id.* at 337.

The first two documents—the contract and the SWSHP—are already part of the record [Docs. 11-1 (contract), 11-3, 11-4, 11-5 (SWSHP)]. The Court will give due consideration to these documents for the purposes of defendant's pending partial motion for summary judgment [Doc. 242], in accordance with Federal Rule of Civil Procedure 56(c)(3), which permits the

3

Court to consider any material in the record for summary-judgment purposes. The Court will not, however, take judicial notice as to the truth of any facts contained in either document, because doing so would conclusively determine those facts for trial. *See* Fed. R. Evid. 201(f); *Husein*, 478 F.3d at 337.

Plaintiffs also refer to the SWSHP "Safety and Health Booklet," but has provided only screenshots of that document [Doc. 277-1, 2]. Given that this document might reasonably be questioned, judicial notice is inappropriate. *See* Fed. R. Evid. 201(b)(2). Further, because plaintiffs have provided only these vague references, they have failed to supply the Court with "the necessary information" for its taking judicial notice. *See* Fed. R. Evid. 201(c); *Husein*, 478 F.3d at 337.

The third document, the AOC, is not otherwise part of the record. According to the Sixth Circuit, "[A] Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) (alteration in original) (quoting *Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968). It appears that the EPA has statutory authority under 42 U.S.C. §§ 9620(e)(6), 9622, to enter into precisely this kind of consent decree. Thus, the Court takes judicial notice that this document exists and will give it due consideration for purposes of the pending summary judgment motion [Doc. 242]. The Court will not, however, take judicial notice of any facts contained therein, thereby conclusively determining those facts for trial. *See* Fed. R. Evid. 201(f); *Husein*, 478 F.3d at 337.

The fourth document, the EPA FAQ, was apparently also published by the EPA, and it also does not appear to be otherwise part of the record. However, it appears to be an informal guidance document rather than a "rule, regulation, or order . . . issued pursuant to [the agency's] delegated authority." *Toth,* 306 F.3d at 349. Because this document might reasonably be questioned, judicial notice is inappropriate. *See* Fed. R. Evid. 201(b)(2). Moreover, given that plaintiffs refer to the document only briefly, they have failed to supply the Court with "the necessary information" for its taking judicial notice of this document. *See* Fed. R. Evid. 201(c); *Husein*, 478 F.3d at 337.

Accordingly, plaintiffs' first motion for judicial notice [Doc. 267] is hereby **GRANTED** as to the Administrative Order on Consent, and otherwise **DENIED**. Specifically, the Court takes judicial notice of the existence of that document, and will give it due consideration for purposes of defendant's pending motion for summary judgment. The second and third motions for judicial notice [Docs. 277, 278], which refer primarily to documents already in the record, are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE