UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG as c*onsolidated with* |
| JOE CUNNINGHAM, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, Plaintiff, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of Kin on behalf of Mike Shelton, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH, )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>_____ ) | No.: 3:15-CV-460-TAV-HBG |
| )<br>DONALD R. VANGUILDER, JR., )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>_____ ) | No.: 3:15-CV-462-TAV-HBG |
| )<br>JUDY IVENS, as sister and next of kin, )<br>on behalf of JEAN NANCE, deceased, )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>_____ ) | No.: 3:16-CV-635-TAV-HBG |
| )<br>PAUL RANDY FARROW, )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>_____ ) | No.: 3:16-CV-636-TAV-HBG |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Court's Order of Referral [Doc. 300].

Now before the Court is Plaintiffs' Motion for Sanctions [Doc. 288 in *Adkisson*, 3:13-CV-505; Doc. 282 in *Thompson*, 3:13-CV-666; Doc. 263 in *Cunningham*, 3:14-CV-20; Doc. 205 in *Rose*, 3:15-CV-17; Doc. 213 in *Wilkinson*, 3:15- CV-274; Doc. 194 in *Shelton*, 3:15-CV-420; Doc. 195 in *Church*, 3:15-CV-460; Doc. 198 in *Vanguilder*, 3:15-CV-462; not docketed in *Ivens*, 3:16-

2

CV-635, or *Farrow*, 3:16-CV-636]. The parties appeared before the Court for a motion hearing on September 20, 2018. Attorneys Keith Stewart, John Dupree, and James Scott appeared on behalf of Plaintiffs. Attorneys Jim Sanders, Isaac Sanders, and Marie Scott were present on behalf of Defendant Jacobs Engineering Group, Inc. ("Jacobs Engineering"). Accordingly, for the reasons further stated below, the Court **RECOMMENDS** that Plaintiffs' Motion for Sanctions [Doc. 288][1] be **DENIED**.

## I. POSITIONS OF THE PARTIES

In their Motion for Sanctions [Doc. 288], Plaintiffs request an entry of default judgment, or, alternatively, a removal of the tort caps pursuant to T.C.A. § 29–39–102 and an adverse inference jury instruction, due to the alleged perjury of Defendant Jacobs Engineering's Lead Industrial Hygienist, Sean Healey.

Plaintiffs argue that Mr. Healey provided perjured deposition testimony on July 25, 2017, specifically with respect to his statement that "a rational person would understand that eating a pound of fly ash is not a good idea is what I'm trying to say." [*Id.* at 5]. Plaintiffs contrast this deposition testimony with an alleged recently discovered e-mail sent on October 13, 2009, in which Mr. Healey states that "a worker would have to ingest a pound of fly ash per day" to inhale the "allowable occupational arsenic body burden." [Doc. 288-2]. Lastly, Plaintiffs claim that this alleged perjury displays a widespread corporate scheme to cover-up scientific evidence and prevent protective measures for members of the clean-up crew at the Kingston Fossil Fuel Plant.

In their response [Doc. 292], Defendant contends that Plaintiffs have ultimately failed to identify any false testimony by Mr. Healey. Further, Defendant asserts that Plaintiffs' motion is

---

[1] Unless otherwise indicated, citations to the record refer to the docket entries in *Adkisson*, 3:13-CV-505.

untimely, as the deadline for dispositive motions has expired, and Plaintiffs' motion constitutes a dispositive motion due to the request for default judgment. Lastly, Defendant claims that Plaintiffs' motion omits relevant portions of Mr. Healey's deposition testimony, and that Plaintiffs have had access to the e-mail at issue by August 2017, at the latest.

## II. ANALYSIS

Plaintiffs seek sanctions against Defendant Jacobs Engineering under Federal Rule of Civil Procedure 37 regarding Mr. Healey's testimony. [Doc. 288 p. 2]. Federal Rule of Civil Procedure 37 governs the use of sanctions with respect to discovery failures, with Rule 37(b)(2) providing that a court may sanction a party for "fail[ing] to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2). Additionally, Rule 37(c)(1) states as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1); *see Bullard v. Roadway Express,* 3 F. App'x 418, 421 (6th Cir. 2001).

The Court notes that other district courts have held that the imposition of sanctions under Rule 37 would be improper, as Plaintiffs do not allege that Defendant violated an order of the Court regarding discovery. *See, e.g.*, *Griffin v. New Prime Inc.*, Nos. 1:10-cv-01926, 1:10-cv-01228, 2014 WL 212537, at *3 n.4 (N.D. Ga. Jan. 13, 2014) (holding Rule 37 did not provide a basis for sanctions regarding alleged false deposition testimony, as "[t]he Plaintiffs' allegations do not fall under the umbrella of sanctionable conduct pursuant to Rule 37 because the alleged misconduct did not directly violate a court order regarding discovery"); *Lowe v. N.M. ex rel. King*, No. 10-315JH/LFG, 2011 WL 13284675, at *4 (D. N.M. Oct. 3, 2011) ("The Federal Civil Rules

4

Handbook provides, in pertinent part, that 'The court may not impose sanctions under Rule 37(b) unless it has already issued a discovery order with which a party or deponent has failed to comply.'") (citing Steven Baicker-McKee, *et al.*, *Federal Civil Rules Handbook* 882 (2010)); *Cenveo Corp. v. S. Graphic Sys., Inc.*, No. 08-5521, 2010 WL 3893680, at *5 (D. Minn. June 18, 2010) ("Furthermore, Fed. R. Civ. P. 37(b) has no application to the present case because Plaintiff has not cited to any 'court order' with which Defendants have failed to comply.").

However, even under the Court's inherent authority to levy sanctions, sanctions are not appropriate in the present case, as Plaintiffs have failed to demonstrate the existence of perjury. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)) (holding a court may impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons").

Plaintiffs claim that Mr. Healey provided perjured deposition testimony, "based upon newly discovered documentary evidence," when he stated that "a rational person would understand that eating a pound of fly ash is not a good idea is what I'm trying to say." [Doc. 288 p. 3, 5]; *see* [Doc. 288-1]. Plaintiffs contrast this statement with the email from Mr. Healey on October 13, 2009, responding to Tom Bock, another Jacobs Engineering employee, where Mr. Healey stated "we are not performing what is considered a traditional decon at this site . . . Please avoid using the term 'decon' and remember, a worker would have to ingest about 1 pound of fly ash per day just to get to the allowable occupational arsenic body burden." [Doc. 288-2].

The Court finds that Plaintiffs have failed to identify any false statement made by Mr. Healey in his deposition that constitutes perjury. Perjury is defined, at least in the federal criminal context, as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *U.S. v. Kennedy*, 714

5

F.3d 951, 962 (6th Cir. 2013) (internal citations omitted); *see also ABF Freight Sys. Inc., v. NLRB*, 510 U.S. 317, 323 (1994) ("False testimony in a formal proceeding is intolerable . . . Perjury should be severely sanctioned in appropriate cases.") (internal citations omitted). However, "perjury must be proven definitively before a Court can exercise its inherent authority to levy sanctions that preclude the jury from reaching its own conclusion as to the testimony." *Cenveo Corp. v. S. Graphic Sys., Inc.,* No. CIV. 08–5521, 2010 WL 3893680, at *6 (D. Minn. June 18, 2010).

The evidence presented to the Court fails to demonstrate that Mr. Healey committed perjury during the deposition. Defendant correctly depicts the challenged deposition testimony as an illustrative point, as the phrase a "pound a day" was used to demonstrate the ingestion required to "reach the occupational limits for the potentially harmful substances contained in fly ash." [Doc. 292 p. 7]. Plaintiffs have failed to establish how the October 13, 2009 email from Mr. Healey demonstrates that the challenged deposition excerpt constitutes false testimony. Additionally, Plaintiffs fail to state any irregularities between the deposition testimony and the October 13, 2009 email. At best, Plaintiffs' arguments represent a factual disagreement between the parties regarding an alleged corporate scheme of fraud, and indicate some hypothetically prior, inconsistent statements that could be used to impeach Defendant's factual allegations and Mr. Healey's potential testimony at trial. However, Plaintiffs have not identified any "false testimony" or "willful intent to provide false testimony." *Kennedy*, 714 F.3d at 962.

Accordingly, the Court finds that Plaintiffs have failed to establish any perjured testimony by Mr. Healey, and, therefore, the Court **RECOMMENDS** that Plaintiffs' Motion for Sanctions [Doc. 288] be **DENIED**. Lastly, because of Plaintiffs' request for an entry of default judgment, the Court believes that the prudent approach is to frame this decision as a report and recommendation.

6

## III. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS**[2] that Plaintiffs' Motion for Sanctions [**Doc. 288** in *Adkisson*, 3:13-CV-505; **Doc. 282** in *Thompson*, 3:13-CV-666; **Doc. 263** in *Cunningham*, 3:14-CV-20; **Doc. 205** in *Rose*, 3:15-CV-17; **Doc. 213** in *Wilkinson*, 3:15- CV-274; **Doc. 194** in *Shelton*, 3:15-CV-420; **Doc. 195** in *Church*, 3:15-CV-460; **Doc. 198** in *Vanguilder*, 3:15-CV-462; not docketed in *Ivens*, 3:16-CV-635, or *Farrow*, 3:16-CV-636] be **DENIED**.

Respectfully submitted,

_____
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).