UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., <br>　　　　Plaintiffs, <br>v. <br>JACOBS ENGINEERING GROUP, INC., <br>　　　　Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG <br><br>*Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., <br>　　　　Plaintiffs, <br>v. <br>JACOBS ENGINEERING GROUP, INC., <br>　　　　Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG <br><br>as *consolidated with* |
| JOE CUNNINGHAM, et al., <br>　　　　Plaintiffs, <br>v. <br>JACOBS ENGINEERING GROUP, INC., <br>　　　　Defendant. | ) ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, <br>　　　　Plaintiff, <br>v. <br>JACOBS ENGINEERING GROUP, INC., <br>　　　　Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., <br>　　　　Plaintiffs, <br>v. <br>JACOBS ENGINEERING GROUP, INC., <br>　　　　Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of <br>Kin on behalf of Mike Shelton, et al., <br>　　　　Plaintiffs, <br>v. <br>JACOBS ENGINEERING GROUP, INC., <br>　　　　Defendant. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

JOHNNY CHURCH,                              )
        Plaintiff,                       )
v.                                         )    No.:  3:15-CV-460-TAV-HBG
JACOBS ENGINEERING GROUP, INC.,            )
        Defendant.                       )
                         )

DONALD R. VANGUILDER, JR.,                 )
        Plaintiff,                       )
v.                                         )    No.:  3:15-CV-462-TAV-HBG
JACOBS ENGINEERING GROUP, INC.,            )
        Defendant.                       )
                         )

JUDY IVENS, as sister and next of kin,     )
on behalf of JEAN NANCE, deceased,         )
        Plaintiff,                       )
v.                                         )    No.: 3:16-CV-635-TAV-HBG
JACOBS ENGINEERING GROUP, INC.,            )
        Defendant.                       )
                         )

PAUL RANDY FARROW,                         )
        Plaintiff,                       )
v.                                         )    No.: 3:16-CV-636-TAV-HBG
JACOBS ENGINEERING GROUP, INC.,            )
        Defendant.                       )
                         )

## <u>MEMORANDUM AND ORDER</u>

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Court's Order of Referral [Doc. 359].

Now before the Court is the Motion to Quash Subpoena [Doc. 356 in *Adkisson*, 3:13-CV-505; Doc. 350 in *Thompson*, 3:13-CV-666; Doc. 330 in *Cunningham*, 3:14-CV-20; not docketed in *Rose*, 3:15-CV-17, *Wilkinson*, 3:15-CV-274, *Shelton*, 3:15-CV-420, *Church*, 3:15-CV-460, *Vanguilder*, 3:15-CV-462, *Ivens*, 3:16-CV-635, or *Farrow*, 3:16-CV-636], filed by Anda Ray

("Ray"), a non-party to this action, on October 11, 2018.  Plaintiffs filed a response in opposition to the motion [Doc. 358][1] on October 12, 2018, and Ray subsequently filed a reply to Plaintiffs' response on October 13, 2018 [Doc. 362].

The parties appeared before the Court for a motion hearing on October 15, 2018.  Attorneys Keith Stewart and Gary Davis appeared on behalf of Plaintiffs.  Attorney Ronald Hill was present on behalf of Ray.  Accordingly, for the reasons further stated below, the Court will **GRANT** Ray's Motion to Quash [**Doc. 356**].

## I.	POSITIONS OF THE PARTIES

The Motion to Quash [Doc. 356] relates to a subpoena that Plaintiffs attempted to serve on Ray, a nonparty to this action, to testify before the Court on October 16, 2018.  In her Motion to Quash [Doc. 356], Ray requests that the Court quash the  subpoena, as she has not been personally served with the subpoena as required by Federal Rule of Civil Procedure 45(b)(1), and even if the subpoena was properly served, it improperly commands her to testify more than 100 miles from where she resides, is employed, or regularly transacts business in person—in violation of Federal Rule of Civil Procedure 45(c)(1)(A).  Further, Ray claims that the subpoena would subject her to an undue burden in violation of Federal Rule of Civil Procedure 45(d)(3)(A)(iv).

Plaintiffs' Response [Doc. 358] claims that Ray agreed to accept service of the subpoena through alternative means, and thus, she has waived any objection to the means of service. Plaintiffs filed the Declarations of Andrew Graybeal ("Graybeal") [Doc. 358–1] and Keith Stewart ("Stewart") [Doc. 358–2] in support of their claim that Ray agreed to accept service of the subpoena, and that the subpoena was subsequently delivered via certified mail and email.

---

[1] Unless otherwise indicated, citations to the record refer to the docket entries in *Adkisson*, 3:13-CV-505.

Graybeal, a private process server, states that he attempted to serve process on Ray at the Knoxville office of her employer on September 24, 2018, and after hearing a conversation between Ray and her personal assistant, Paula Hogan, he was directed to forward the subpoena to the Charlotte, North Carolina location of Ray's employer. Graybeal claims that Ray agreed to accept service, and that he then sent the subpoena via certified mail. Stewart asserts that he spoke with Ray on October 1, 2018, and he emailed Ray a copy of the subpoena after she agreed to accept service.

Along with her reply to Plaintiffs' response [Doc. 360], Ray submitted a personal declaration [Doc. 360], as well as the declaration of Paula Hogan [Doc. 361], to claim that Graybeal never spoke to Ray regarding the service of process. Additionally, Ray states that she has not been served with the subpoena and did not agree to accept or waive service to either Graybeal or Stewart. Ray maintains that she currently lives in Florida, and although she travels over 200 days a year for work, she spends only two weeks out of the year in Knoxville.

## II. ANALYSIS

Ray seeks to quash the subpoena issued by this Court under Federal Rule of Civil Procedure 45. Plaintiffs claim that Ray agreed to accept service of process, both through the sending of the subpoena via certified mail to the Charlotte, North Carolina office of her employer, as well through her conversation with Mr. Stewart and the email receipt of the subpoena. Through her sworn declaration, Plaintiff denies accepting service of the subpoena or waiving proper service.

Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person." "The Sixth Circuit has not addressed whether Rule 45 requires personal service; however, the Fifth, Ninth, and D.C. Circuits have held that personal service is required." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753 (E.D. Mich. 2011) (citing *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003); *Chima v. United States Dep't*

*of Defense*, 23 F. App'x 721, 724 (9th Cir. 2001); *FTC v. Compagnie De Saint–Gobain–Pont–A–Mousson,* 636 F.2d 1300, 1312–13 (D.C. Cir. 1980)) (although interpreting Rule 45 to allow service of a subpoena by alternative means once the party demonstrates an inability to effectuate service after a diligent effort). The Court finds that Plaintiffs have not made personal service on Ray, and that Ray claims that she did not agree to accept service of the subpoena or waive proper service.

However, while proper service is unlikely, Ray retains her absolute defenses to the enforcement of the subpoena under Federal Rule of Civil Procedure 45(c)(1)(A). Federal Rule of Civil Procedure 45(c)(1)(A) provides that a subpoena may command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person. A court must quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(ii).

Ray is not a party to this litigation, and she currently resides in Florida, which is more than 100 miles from the location of this Court in Knoxville, Tennessee. Moreover, the Court finds that Ray is not employed in, nor does she regularly transact business in person within 100 miles of Knoxville. Therefore, even if the subpoena was properly served, the subpoena does not comply with the geographic requirements of Rule 45(c)(1).

## III.    CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS** Ray's Motion to Quash Subpoena [**Doc. 356** in *Adkisson*, 3:13-CV-505; **Doc. 350** in *Thompson*, 3:13-CV-666; **Doc. 330** in *Cunningham*, 3:14-CV-20; not docketed in *Rose*, 3:15-CV-17, *Wilkinson*, 3:15-CV-274,

*Shelton*, 3:15-CV-420, *Church*, 3:15-CV-460, *Vanguilder*, 3:15-CV-462, *Ivens*, 3:16-CV-635, or *Farrow*, 3:16-CV-636].

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge