# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| GREG ADKISSON, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) | No.: 3:13-CV-505-TAV-HBG <br><br> *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) | No.: 3:13-CV-666-TAV-HBG <br><br> as c*onsolidated with* |
| JOE CUNNINGHAM, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, ) <br>     Plaintiff, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., ) <br>     Defendant. ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of ) <br> Kin on behalf of Mike Shelton, et al., ) <br>     Plaintiffs, ) <br> v. ) <br> JACOBS ENGINEERING GROUP, INC., et al., ) <br>     Defendants. ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC., et al.,<br>    Defendants. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-462-TAV-HBG |

**PLAINTIFFS' MOTION FOR REFERENCE
OF CONSOLIDATED CASES TO MEDIATION
AND FOR STAY OF PHASE II PROCEEDINGS**

Pursuant to 28 U.S.C. § 651, *et seq*, and Local Rules 16.3 and 16.4, Plaintiffs in the above-captioned *Adkisson* consolidated cases move the Court to refer these cases to mediation with a court-approved mediator. The jury verdict in the consolidated Phase I trial holding Jacobs Engineering Group, Inc. ("Jacobs") negligent and finding general causation for each of the types of diseases suffered by Plaintiffs sets up Phase II which could potentially require 70 individual trials on specific causation and damages. These cases are suitable for mediation at this stage to further judicial economy and efficiency because of the time and resources of the Parties and the Court that it would take to try these individual cases. Plaintiffs further request the Court to stay post-Phase I trial motions and Phase II proceedings for 120 days to allow the parties to focus on mediation. If mediation is unsuccessful the post-Phase I motions can be filed, and the Phase II schedule can commence after the 120-day period. Plaintiffs will file their proposed Phase II procedure separately.

**I.    THE COURT HAS THE AUTHORITY TO ORDER MEDIATION, EVEN IF THE PARTIES DO NOT CONSENT.**

This Court has the authority, pursuant to 28 U.S.C. § 652(a), and Local Rule 16.4, to require mediation, even if the parties do not consent. Plaintiffs' counsel has conferred with Jacobs'

2

counsel about the possibility of mediation, and Jacobs has expressed concerns but has not opposed the concept of mediating prior to Phase II.

Plaintiffs believe this case is suitable for mediation at this stage and request the Court to address this Motion as soon as practicable under Local Rule 16.4(a), which states:

> <u>With or without the agreement of the parties in any civil action</u>, except those exempted pursuant to Local Rule 16.3, the Court may refer all or part of the underlying dispute to Mediation pursuant to this Local Rule [emphasis added]. Any Mediation reference may be withdrawn by the presiding judge upon a determination for any reason that the matter referred is not suitable for Mediation. Once an order has been entered directing that the parties participate in a Mediation, the parties will be required to do so unless the Court enters an order withdrawing the Mediation Reference.

These civil actions are not the type exempted from mediation referral pursuant to Local Rule 16.3.

## II. THESE CASES ARE ENTIRELY SUITABLE FOR MEDIATION.

This Court has previously ordered mediation over the objection of a party in litigation related to the TVA coal ash disaster. *In re: Tennessee Valley Authority Ash Spill Litigation*, No. 3:09-CV-009, *et seq*., 2012 WL 12877389, at *2 (E.D. Tenn., Nov. 20, 2012).[1] At the time of the mediation order, the *Ash Spill Litigation* was in a similar posture as this case: the Court had bifurcated the trial into Phase I on liability and Phase II for individual causation and damages, and the Court had decided the liability issue for all of the plaintiffs following a Phase I bench trial, leaving over 800 individual plaintiffs for Phase II trials.

The Court weighed TVA's objection to the timing of mediation and determined the litigation was one that could benefit from mediation based on four factors: (1) the parties disagreed as to how Phase II should proceed, and given the varied approaches, determined it would be

---

[1] In a more recent case, this Court ordered mediation and a stay pending mediation where the parties agreed to mediation in some form but disagreed on the timing, whether a stay was warranted, and whether a qualified mediator was available on the Court's list. *House of Bryant Publications, LLC v. City of Rocky Top*, No.: 3:14-CV-93, 2015 WL 11181722, at *2 (E.D. Tenn., Oct. 2, 2015).

3

beneficial to attempt mediation before one, or some combination, of the approaches were implemented; (2) Phase II, however configured, would take a significant amount of both the Court's and the parties' time and resources, and mediation would be in the interest of judicial economy and efficiency; (3) mediation would not necessarily prolong the litigation, because it would be conducted within a relatively short time frame, and Phase II would still commence within a reasonable time after the conclusion of Phase I; and (4) mediation can occur successfully at all stages of litigation, even complex litigation, especially given prior rulings on dispositive and non-dispositive issues providing the parties a framework to undertake a meaningful mediation process. *Id*. The mediation, although lengthy, was ultimately successful, resulting in a tremendous savings of the Court's and the parties' time and resources.

Based on these factors, the *Adkisson* consolidated cases are similarly suitable for mediation. First, while the parties have not yet filed their proposals for Phase II of the trial, based on at least one of the Rule 50(a) motions raised by Jacobs, there is likely to be disagreement on the scope of the issues to be tried in Phase II. For instance, Jacobs argued in an oral Rule 50(a) motion that each individual Plaintiff would have to prove which breach of Jacobs' duty damaged them and somehow differentiate their damages based on the specific breach. Plaintiffs do not believe such proof is required in Phase II. Plaintiffs also anticipate there will be disagreement by Jacobs about the manner in which punitive damages will be tried in Phase II, although Jacobs expressly waived Seventh Amendment objections to new juries hearing punitive damages claims in Phase II.

Second, there is no doubt that individual trials on specific causation and damages for 70 Plaintiffs, as well as punitive damages, however configured, would take a significant amount of both the Court's and the parties' time and resources. Perhaps a few Phase II bellwether trials would provide guidance for the parties for settlement later, but even these would amount to months of discovery, significant expert and discovery expenses, and months of trial time. Mediation now may

4

Case 3:13-cv-00505-TAV-HBG   Document 431   Filed 11/26/18   Page 4 of 9   PageID #: 15502

avoid this time and expense.

Third, mediation at this stage would not necessarily prolong the litigation. The Court can impose a reasonable deadline for mediation and also proceed with setting deadlines for Phase II in case mediation is unsuccessful. Phase II could still be conducted in a reasonable amount of time after the Phase I trial. Plaintiffs have proposed a 120-day stay to allow for mediation. The parties will be aware they should be prepared to proceed immediately with the Phase II discovery and pretrial schedule if mediation is unsuccessful.

Fourth, the evidence at trial and the jury verdict on liability and general causation, as well as this Court's prior rulings on dispositive motions, provide the parties a framework to undertake a meaningful mediation process. One approach would be to group the cases for mediation by diseases for which general causation was found by the jury. The parties have most, if not all, of the medical records for Plaintiffs and can evaluate for themselves the strength of the medical claims. Discovery has been provided for most of these Plaintiffs, and many of them have been deposed. For those who have not, Plaintiffs can provide further information Jacobs might need to evaluate their claims. The evidence heard by the jury in Phase I and the jury's verdict on liability also provide information for the parties to consider the possibility of punitive damages awards.

Finally, Plaintiffs ask this Court to consider the length of time these cases have been pending and the fact that some of the Plaintiffs have died and many are sick and disabled without health insurance or the ability to support themselves and their families. A series of Phase II jury trials might result in greater compensation, but many of the Plaintiffs may not be alive to benefit from it. Mediation is at least worth a try on the chance that it may provide more immediate relief to the neediest of the Plaintiffs.

### III. THE PARTIES CAN ATTEMPT TO AGREE ON A MEDIATOR, OR THE COURT CAN APPOINT ONE PURSUANT TO LOCAL RULE 16.4(o).

If the Court orders mediation, the parties can attempt to agree on a mediator or mediators. The parties were able to agree on two mediators in the *Ash Spill Litigation*, and Plaintiffs would request thirty (30) days for the Parties to attempt agreement in this case. If they are unable to agree, Local Rule 16.4(o) provides a procedure for the Court to select one:

> (1) In the event the parties cannot agree on a Mediator, the Administrator [Administrator of the Federal Mediation Program] shall select three approved Mediators and one additional approved Mediator for each additional party over two. After receiving the Administrator's designation, the parties shall each strike one name from the Court's designations. The remaining Mediator shall be assigned to the case unless a timely objection is made to the Administrator and upheld. In that event, or in the event the Mediator selected cannot serve, the process will be repeated.
> (2) In the event the parties cannot agree on the compensation of the Mediator, the parties shall submit the dispute to the Administrator who shall set the Mediator's compensation.

The parties and the Court may wish to consider a mediator who is not currently on the list of approved mediators based on their experience in similar cases.

### IV. THE COURT CAN OVERSEE THE MEDIATION TO MAKE SURE IT IS EFFECTIVE.

This Court has the ultimate authority, pursuant to 28 U.S.C. § 652 and Fed. R. Civ. P. 16, to oversee the mediation if the parties are not participating in good faith or if an impasse develops. Plaintiffs request that the Court include in its Order of Reference to Mediation the ability of any party to request a conference with the Court, if necessary to facilitate the success of the mediation.

### V. THE COURT SHOULD REQUIRE JACOBS TO BRING DECISION MAKERS WITH AUTHORITY TO NEGOTIATE A SETTLEMENT TO THE MEDIATION, INCLUDING INSURERS.

Pursuant to Local Rule 16.4(l), Jacobs should be required to bring to the mediation at least one senior manager with authority to settle. The Local Rule states:

> Unless otherwise excused by the Mediator in writing, all parties, or party representatives, and any required claims professionals (e.g., insurance adjusters) shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

In addition to a senior manager, Jacobs should be required to bring to the mediation a representative of any insurer who may be liable to satisfy all or part of a possible judgment in the action. In furtherance of this requirement, Plaintiffs request that the Court direct Jacobs to produce a copy of the ACE American Insurance Company, Commercial General Liability Policy No. HDO G2529030, identified in Jacobs' initial disclosures but not produced, as well as copies of any and all insurance agreements and policies, including general liability, professional liability, or coverage for errors and omissions, in any way relating to the claims asserted in the *Adkisson* cases, including declaration sheets, specified policy periods, issuing insurance company, and any reservation of rights letters or coverage denials. Jacobs should also be required to produce any indemnity agreements that could cover all or part of any judgment rendered.

## VI. THE COURT SHOULD STAY FURTHER PROCEEDINGS FOR 120 DAYS PENDING THE COMPLETION OF MEDIATION.

Plaintiffs propose that the mediation should be completed within 120 days from the Court's Order and request the Court to stay further proceedings, including post-Phase I trial motions, Phase II discovery, and Phase II expert disclosures during this time period. Plaintiffs intend to submit their proposal for Phase II of the trial prior to the status conference to be held on January 11, 2019 and will request that the Court establish a schedule for Phase II commencing after the end of the 120-day period for mediation. Plaintiffs also propose that the mediator file a report with the Court stating the outcome of the mediation within seven (7) days following the conclusion of the mediation, as contemplated by Local Rule 16.4(m).

## **CONCLUSION**

For the reasons set out above, Plaintiffs respectfully request that the Court enter an Order: (1) referring the above-captioned cases to mediation to be conducted within 120 days of the Order and staying further proceedings during this time period; (2) requiring Jacobs to bring to the mediation a senior manager with authority to settle, as well as insurance adjustors with insurance policies that might be used to satisfy any possible judgment in this case; (3) requiring Jacobs to produce ACE American Insurance Company, Commercial General Liability Policy No. HDO G2529030, as well as any other insurance policy or indemnity agreement that might be used to satisfy any possible judgment in this case; (4) requiring the parties to submit a joint proposal for appointment of a mediator within thirty (30) days of the Order; and (5) requiring the mediator to file a report with the Court stating the outcome of the mediation within seven (7) days following the conclusion of the mediation

Respectfully submitted.

*/s/ Gary A. Davis*
Gary A. Davis, TN. Bar No. 009766
James S. Whitlock, NC Bar No. 34303
(*admission Pro Hac Vice*)
Davis & Whitlock, P.C.
21 Battery Park Ave., Suite 206
Asheville, NC 28801
T: (828) 622-0044
F: (828) 398-0435
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

John B. Dupree
Keith D. Stewart
Stewart-Dupree, P.A.
713 Market Street, 2d Floor
Knoxville, TN 37902
T: (865) 437-5081
F: (865) 437-5082
john.dupree@knoxtnlaw.com
keithstewart@gmail.com

8

Case 3:13-cv-00505-TAV-HBG   Document 431   Filed 11/26/18   Page 8 of 9   PageID #: 15506

James K. Scott
713 Market Street, 1st Floor
Knoxville, TN 37902
T: (865) 254-8739
jimscott264@gmail.com

Jeffrey E. Friedman, Ala. Bar No. asb-6868-n77j
(admission *Pro Hac Vice*)
Friedman, Dazzio, Zulanas & Bowling, PC
3800 Corporate Woods Drive
Birmingham, AL 35242
T: (205) 278-7000
F: (205) 278-7001
jfriedman@friedman-lawyers.com

John Tyler Roper, BPR No. 21927
625 Market Street, 14th Floor
Knoxville, TN 37902
T: (865) 888-9995
tylerroperlaw@gmail.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 26, 2018, a copy of the foregoing was filed electronically. Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's electronic filing system.

/s/Gary A. Davis
Attorney for Plaintiffs