UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GREG ADKISSON, et al., )<br>    Plaintiffs, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>    Defendant. )<br>_____) | No.: | 3:13-CV-505-TAV-HBG<br><br>*Lead case consolidated with* |
| KEVIN THOMPSON, et al., )<br>    Plaintiffs, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>    Defendant. )<br>_____) | No.: | 3:13-CV-666-TAV-HBG<br><br>*as consolidated with* |
| JOE CUNNINGHAM, et al., )<br>    Plaintiffs, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>    Defendant. )<br>_____) | No.: | 3:14-CV-20-TAV-HBG |
| BILL ROSE, )<br>    Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>    Defendant. )<br>_____) | No.: | 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., )<br>    Plaintiffs, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>    Defendant. )<br>_____) | No.: | 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of kin )<br>on behalf of Mike Shelton, et al., )<br>    Plaintiffs, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>    Defendant. )<br>_____) | No.: | 3:15-CV-420-TAV-HBG |

| | |  |
|---|---|---|
| JOHNNY CHURCH,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) ) | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | ) ) ) ) ) ) ) | No.: 3:16-CV-636-TAV-HBG |

## **ORDER**

These consolidated cases are before the Court on plaintiffs' motion for reference to mediation [Doc. 431], following the Phase I jury's returning a verdict for the plaintiffs [Doc. 408]. Defendant submits that mediation is premature at this point [Doc. 441]. After hearing oral argument at a status conference on January 11, 2019, the Court orally granted plaintiffs' motion [Doc 457]. This order memorializes the reasons for that ruling and provides the parameters within which the parties will mediate these cases.

2

Case 3:13-cv-00505-TAV-HBG   Document 459   Filed 01/18/19   Page 2 of 6   PageID #: 15959

After careful consideration of the parties' briefs and oral arguments, the Court has concluded that this litigation is one that could benefit from mediation and that it is appropriate to order mediation at this time. In so concluding, the Court has considered several factors, including defendant's opposition and the parties' recognition of the benefits of mediation.

*First*, the parties disagree—though not radically—about how Phase II should proceed. Plaintiffs have proposed a Phase II trial plan that would consolidate cases for trial by grouping plaintiffs suffering from similar diseases together, particularly where the same expert testimony might relate to more than one disease. Plaintiffs' plan would result in the claims of the fifty-two worker-plaintiffs being litigated in as few as four or five trials. Defendant's proposal, on the other hand, involves litigating each claim individually by proceeding through fact discovery and then choosing twenty representative plaintiffs (two from each of the ten illness groups) to proceed with expert discovery, summary judgment motions, and trial if necessary. The Court acknowledges that there are drawbacks and benefits as to each proposal but need not choose between them or other alternatives if the parties are able to reach a resolution through mediation.

*Second*, Phase II, no matter how conducted, would consume a vast amount of resources, both of the Court and of the parties. The Court acknowledges that Phase II in this case promises to be more complicated, factually and legally, than the related litigation against TVA, but agrees with plaintiffs that, for this reason, "[s]uccessful mediation of the

3

instant cases will achieve even greater savings of time and resources." [Doc. 446, at 5]. In this respect the potential benefit of a successful mediation is significant.

***Third***, mediation, even if ultimately unsuccessful, will not unduly prolong this litigation. Mediation will be conducted within a relatively short time frame, as set forth below. Even if it proves unsuccessful, Phase II will still begin within a reasonable time after the conclusion of Phase I. The gap between the phases will be, at most, a few months longer than it would have been absent the mediation attempt, and the potential benefits of mediation outweigh such a small delay.

***Fourth***, although defendant argues that mediation is premature at this time for several reasons, mediation can occur successfully at all stages of litigation and even in cases as complex as this one. Rulings throughout the course of this litigation from this Court (including a forthcoming order on defendant's post-trial motions)—as well as the Sixth Circuit—will provide a legal framework within which meaningful mediation can occur. Moreover, although discovery has not begun or finished for some aspects of Phase II, the parties can address this issue in the course of mediation or with the magistrate judge (as detailed below).

***Fifth and finally***, the Court is persuaded by plaintiffs' argument that mediation is especially worthwhile now because, if successful, it would provide more immediate relief to the neediest of the plaintiffs, who might otherwise be impacted by a lengthy Phase II.

According to the discretion of the Court, and in accordance with 28 U.S.C. § 652(a) and Local Rule 16.4, Plaintiffs' Motion for Reference of Cases to Mediation [Doc. 431] is

4

**GRANTED**, and the parties are hereby **ORDERED** to mediate this litigation in good faith within one hundred fifty (150) days of the entry of this order.[1] To the extent additional time is needed to complete a successful, or partially successful, mediation, the parties may move the Court for additional time within which to mediate. In addition, within thirty (30) days of the entry of this order, the parties shall **SUBMIT** a joint proposal regarding the selection of a mediator or mediators.[2] Within ten (10) days following the conclusion of the mediation, or within one hundred sixty (160) days of the entry of this order, the mediator shall **FILE** a report with the Court stating the outcome of the mediation, as contemplated by Local Rule 16.4(m). If the parties are unable to completely resolve this litigation pursuant to mediation, they also shall so **REPORT** to the Court, along with any updates to their Phase II proposals, within one hundred sixty (160) days of entry of this order, and the Court will then enter an order directing how Phase II will proceed. The Court therefore **TAKES UNDER ADVISEMENT** all matters pertaining to Phase II, including consolidation, discovery, timing, and punitive damages.

Plaintiffs are **ORDERED** to promptly make the disclosures discussed at the status conference, including: a list that sets forth, based on medical diagnoses, which plaintiffs are alleging what conditions as a result of fly-ash exposure; and an updated list of all

---

[1] Pursuant to the Local Rules, "all parties, or party representatives, and any required claims professionals (e.g., insurance adjusters) shall be present at the Mediation Conference with full authority to negotiate a settlement." E.D. Tenn. L.R. 16.4(l).

[2] To the extent the parties cannot agree on a mediator, the parties shall move the Court for the appointment of a mediator on or before this same deadline.

medical records and providers. Plaintiffs shall have thirty (30) days to make these disclosures.

The parties are further **ORDERED**, in good faith and within their abilities, to disclose other relevant information pertaining to Phase II of these cases as soon as practicable. To ensure this, in accordance with 28 U.S.C. § 636(b), it is hereby **ORDERED** that this matter is **REFERRED** to United States Magistrate H. Bruce Guyton for the purposes of overseeing this mediation and addressing any discovery-related matters arising during its course.[3]

These actions are hereby **STAYED** pending the parties' mediation efforts. The stay will be lifted should mediation prove unsuccessful.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] This referral includes one specific issue mentioned at the status conference. Plaintiffs have specifically requested that defendant produce a particular insurance document, as well as "any and all insurance agreements and policies. . . in any way relating to the claims asserted in th[ese] cases" [Doc. 431, at 7]. Magistrate Judge Guyton will consider these matters in light of defendant's related confidentiality concern raised at the status conference [Doc. 457, at 82–83].