UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG <br><br> *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG <br><br> as c*onsolidated with* |
| JOE CUNNINGHAM, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, <br>     Plaintiff, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of <br> Kin on behalf of Mike Shelton, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH, )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>_____ ) | No.: 3:15-CV-460-TAV-HBG |
| )<br>DONALD R. VANGUILDER, JR., )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>_____ ) | No.: 3:15-CV-462-TAV-HBG |
| )<br>JUDY IVENS, as sister and next of kin, )<br>on behalf of JEAN NANCE, deceased, )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>_____ ) | No.: 3:16-CV-635-TAV-HBG |
| )<br>PAUL RANDY FARROW, )<br>Plaintiff, )<br>v. )<br>JACOBS ENGINEERING GROUP, INC., )<br>Defendant. )<br>_____ ) | No.: 3:16-CV-636-TAV-HBG |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Previously, on January 18, 2019, the Court found that this litigation is one that could benefit from mediation, and ordered the parties to mediate the case within one hundred fifty (150) days of the entry of the Order. [Doc. 459].[1] On March 22, 2019, the Court approved the appointment of

---

[1] Unless otherwise indicated, citations to the record refer to the docket entries in *Adkisson*, 3:13-CV-505.

2

Daniel J. Balhoff to serve as a mediator in the present case. [Doc. 466]. After the parties filed a joint motion for an extension of time for mediation [Doc. 472], the Court extended the deadline for mediation until August 16, 2019. [Doc. 474]. The Court directed the parties that within ten (10) days following the conclusion of the mediation, the mediator should file a report with the Court stating the outcome of the mediation, as contemplated by Local Rule 16.4(m). [*Id.* at 3].

As the mediator has not filed a report with the Court stating the outcome of the mediation, the Court finds that the deadline for mediation will be extended an additional **sixty (60) days, until October 15, 2019**. The Court directs the parties that if they are unable to completely resolve this litigation pursuant to mediation, they **SHALL report** to the Court, along with any updates to their Phase II trial proposals, within ten (10) days following the conclusion of the mediation.

**IT IS SO ORDERED.**

                              ENTER:

                              /s/ Bruce Guyton
                              United States Magistrate Judge