# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREG ADKISSON, ET AL, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| VS. ) | NO. 3:13-CV-505-TAV-HBG |
| ) | |
| JACOBS ENGINEERING GROUP, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |
| KEVIN THOMPSON, ET AL,) ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| VS. ) | NO. 3:13-CV-666-TAV-HBG |
| ) | |
| JACOBS ENGINEERING GROUP, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |
| JOE CUNNINGHAM, ET AL, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| VS. ) | NO. 3:14-CV-20-TAV-HBG |
| ) | |
| JACOBS ENGINEERING GROUP, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |
| CRAIG WILKINSON, ET AL, ) | |
| ) | |
| VS. ) | NO. 3:15-CV-274-TAV-HBG |
| ) | |
| JACOBS ENGINEERING GROUP, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

MAGNA LEGAL SERVICES

```
 1  ANGIE SHELTON, as wife and  )
    next of kin on behalf of    )
 2  Mike Shelton, et al,        )
                                )
 3          PLAINTIFFS,          )
                                )
 4  VS.                         )  NO. 3:15-CV-420-TAV-HBG
                                )
 5  JACOBS ENGINEERING GROUP,   )
    INC.,                       )
 6                              )
            DEFENDANT.          )
 7                              )
    JOHNNY CHURCH,              )
 8                              )
            PLAINTIFF,          )
 9                              )
    VS.                         )  NO. 3:15-CV-460-TAV-HBG
10                              )
    JACOBS ENGINEERING GROUP,   )
11  INC.,                       )
                                )
12          DEFENDANT.          )
                                )
13  DONALD R. VANGUILDER, JR.,  )
                                )
14          PLAINTIFF,          )
                                )
15  VS.                         )  NO. 3:15-CV-462-TAV-HBG
                                )
16  JACOBS ENGINEERING GROUP,   )
    INC.,                       )
17                              )
            DEFENDANT.          )
18                              )
    BILL ROSE,                  )
19                              )
            PLAINTIFF,          )
20                              )
    VS.                         )  NO. 3:13-CV-17-TAV-HBG
21                              )
    JACOBS ENGINEERING GROUP,   )
22  INC.,                       )
                                )
23          DEFENDANT.          )
                                )
24  PAUL RANDY FARROW,          )
                                )
25          PLAINTIFF,          )
```

MAGNA LEGAL SERVICES

```
 1   VS.                          )  NO. 3:16-CV-0000636-TAV-
                                  )  HBG
 2                                )
     JACOBS ENGINEERING GROUP,    )
 3                                )
               DEFENDANT.         )
 4                                )
     JUDY IVENS, as sister and    )
 5   next of kin, on behalf of    )
     JEAN NANCE, deceased,        )
 6                                )
               PLAINTIFF,         )
 7                                )
     VS.                          )  NO. 3:16-CV-00635-TAV-
 8                                )  HBG
                                  )
 9   JACOBS ENGINEERING GROUP,    )
                                  )
10             DEFENDANT.         )
                                  )
11
12
13        The videotape deposition of TOMMY JOHNSON, a
14   witness in the above-entitled cause, taken before
15   Cynthia Odom, Licensed Court Reporter and Notary
16   Public in and for Davidson County, Tennessee, on the
17   3rd day of September, 2020, commencing at 11:07 a.m.,
18   pursuant to the Tennessee Rules of Civil Procedure.
19
20
21
22
23
24
25
```

1  state their appearances and whom they represent.
2      MR. HARBISON:  Jay Harbison for the
3  defendant, Jacobs Engineering Group.
4      MR. SILVEY:  Mark Silvey, Greg Coleman
5  Law, Knoxville, Tennessee, for the plaintiffs.
6      THE VIDEOGRAPHER:  Will the court
7  reporter please swear in the witness.
8      (Whereupon, the witness was duly sworn.)
9      MR. SILVEY:  You need to speak up.
10     THE WITNESS:  Yes, yes, I do.
11     MR. SILVEY:  Before we get started,
12 based on our chat with the Court yesterday, I want to
13 put what will be a continuing objection on the record
14 to the extent that any questions exceed the scope of
15 the topics listed in the proposed protective order in
16 this case, we have what we hope to have treated as a
17 continuing objection on the basis that that line of
18 questions or that line or lines of questions exceed
19 the scope of allowable discovery in that they are not
20 reasonably necessary nor proportional to the needs of
21 the case, and there will be parts, Ms. Court Reporter,
22 where I will just simply state objection, continuing,
23 and that's what I'm referring to.
24     TOMMY JOHNSON,
25 having first been duly sworn, testified as follows:

1  on the job site is responsible for safety in some way?
2             MR. SILVEY:  Object to the form, vague,
3  continuing objection.
4  BY MR. HARBISON:
5     Q.   And you can answer my question.
6     A.   I don't really know, we all should have taken
7  -- watched out for ourselves.
8     Q.   Did Gumby require any proof from you about
9  your health or your physical fitness before you
10 started working on the cleanup job?
11            MR. SILVEY:  Objection, continuing.
12    A.   Yes.
13 BY MR. HARBISON:
14    Q.   What did they need from you?
15            MR. SILVEY:  Same objection.
16    A.   They sent us to have checkups and things.
17 BY MR. HARBISON:
18    Q.   They sent you to a doctor before you started
19 working?
20    A.   Oh, not before I started working, no.
21    Q.   Okay.
22    A.   Later on we had to take a little physical.
23    Q.   Okay.  It sounds to me like because you were
24 there so early at the very beginning that you kind of
25 started working right away and then did some training

```
                                              Page 85
 1   Jason Len Williams or Hammer, who is that?
 2       A.   Hammer, I was trying to put that together, I
 3   know the name but I can't put his face with it.
 4       Q.   You know the name but you're not going to be
 5   able to tell me anything specific about him?
 6       A.   I ain't going to be able to tell you nothing.
 7       Q.   Okay.
 8              MR. HARBISON:  We've been going for
 9   about another hour, why don't we take a quick
10   five-minute break and stretch our legs a little bit.
11              MR. SILVEY:  Sounds good.
12              THE VIDEOGRAPHER:  We're going off the
13   record, the time is one o'clock p.m.
14                    (Off the record.)
15              THE VIDEOGRAPHER:  We're back on the
16   record, the time is 1:12 p.m.
17   BY MR. HARBISON:
18       Q.   Mr. Johnson, we've just come back from
19   another break, and I'm going to ask a series of
20   questions about what you know about this lawsuit and
21   the related lawsuits.
22              Are you aware that your coworkers have been
23   filing workers' compensation claims for fly ash
24   exposure from their work at Kingston?
25              MR. SILVEY:  Objection, continuing.
```

MAGNA LEGAL SERVICES

1    A.    No, not really.
2    BY MR. HARBISON:
3    Q.    When did learn that your coworkers were
4    filing lawsuits related to their exposure at Kingston?
5              MR. SILVEY:  Objection, continuing.
6    A.    I can't remember the exact time, I don't
7    remember.
8    BY MR. HARBISON:
9    Q.    Do you know how you learned that your
10   coworkers were filing lawsuits?
11   A.    Not really, no, I believe it was after, after
12   we left, I don't know.
13   Q.    Okay.
14   A.    That's the reason they got on the second
15   suit.
16   Q.    That's the reason you got on what?  I'm
17   sorry.
18   A.    They had the second suit.
19   Q.    The second suit, right.  But you don't
20   remember when you learned -- when or how you learned
21   about the first group of lawsuits?
22   A.    No.
23             MR. SILVEY:  Objection, continuing.
24   A.    Not really, no.
25   BY MR. HARBISON:

1  Q.  Okay.
2  A.  And then come back to Kingston.
3  Q.  Thank you.  That clarifies it for me, so I
4  appreciate that.  And then you said you worked at
5  Tellico Dam back in the 70's?
6  A.  Back in the 70's.
7  Q.  What did you do there?
8  A.  I ran a pan.
9  Q.  You ran a what?  I'm sorry.
10 A.  Grader pan, we build up for the dam.
11 Q.  And then you worked at a TVA nuclear facility
12 as well?
13 A.  Yes.
14 Q.  What did you do there?
15 A.  I ran what they call a drag pan.
16 Q.  Drag pan?
17 A.  It's a dozer pulling a pan.
18 Q.  Okay.  So now I'm going to shift gears again,
19 and I'm going to need to ask some questions about your
20 personal medical conditions and medical history, and
21 as we talked about earlier, you know, this is not the
22 kind of thing that I would ask somebody outside of a
23 deposition, so I think you understand that and I
24 appreciate that, and your lawyer, Mr. Silvey, is going
25 to have a continuing objection to these questions.

1       MR. HARBISON:  Right, Mark?
2       MR. SILVEY:  Yeah.
3       MR. HARBISON:  Can we agree that I note
4   your objection on the record so we don't have to do it
5   every time?
6       MR. SILVEY:  Yeah, let me -- to make
7   sure it's clear for the record, there will be a
8   continuing objection to anything other than the
9   existence of the diagnoses that he may have for any
10  particular conditions, anything beyond that we'll
11  treat as a continuing objection so I don't have to
12  repeat it ad nauseam.
13      MR. HARBISON:  That would be no fun.
14      MR. SILVEY:  For anybody.
15      MR. HARBISON:  For anyone.
16  BY MR. HARBISON:
17  Q.    So, Mr. Johnson, I'm going to start by asking
18  kind of some general questions, and what I'm going to
19  do is I'm going to go through a series of medical
20  conditions, and what I'm asking is have you ever been
21  diagnosed with or experienced any of these conditions
22  before you worked at Kingston; okay?
23  A.    Okay.
24  Q.    Hypertension, did you ever have that, or high
25  blood pressure, did you ever -- were you diagnosed