UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG  *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG  as c*onsolidated with* |
| JOE CUNNINGHAM, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, Plaintiff, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of kin on behalf of Mike Shelton, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:16-CV-636-TAV-HBG |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion for Rule 35 Physical Examinations [Doc. 615], filed on October 12, 2020. After Plaintiffs' subsequent deadline for filing a response passed, Defendant filed a Notice of Plaintiffs' Failure to Meet Briefing Deadline and Request for Application of Local Rule 7.2 on October 27, 2020. [Doc. 655]. Plaintiffs then filed a Response [Doc. 658] also on October 27, 2020, to which Defendant filed a Reply [Doc. 663] on October 29, 2020. Plaintiffs also filed a Response [Doc. 664] to Defendant's Notice [Doc. 655] on October 30,

2020.

Accordingly, for the reasons set forth below, Defendant's Motion for Rule 35 Physical Examinations [Doc. 615] will be **GRANTED**.

I.  **POSITIONS OF THE PARTIES**

Defendant moves [Doc. 615] for the Court to order twenty-four of the worker Plaintiffs to submit to medical examinations, with the time, place, manner, conditions, and scope of the examinations set forth in [Doc. 616-1]. Defendant submits that Plaintiffs acknowledged that these examinations were appropriate but refused to stipulate to or begin the examinations until after the close of fact discovery. Additionally, Defendant claims that Plaintiffs stated that the examinations would "have to run into the 'early months of 2021,'" despite the Court's deadline of January 6, 2021 for Defendant to disclose expert witnesses. [*Id.* at 4]. Defendant asserts that these medical examinations are proper under Federal Rule of Civil Procedure 35, and the Plaintiffs have placed their medical conditions at issue.

Here, Defendant alleges that Plaintiffs "appear to only contest the timing" of these physical examinations, and asserts that the examinations must be done sufficiently in advance of the deadline for Defendant to disclose its experts "so that Jacobs can evaluate whether it intends to disclose the examining physician as an expert witness." [*Id.* at 10]. Defendant notes that Plaintiffs argue that delaying the examinations is appropriate because Defendant could have moved for the examinations earlier, but Defendant asserts that it was necessary to depose the individual Plaintiffs in order to determine the necessity and scope of a medical examination.

After Plaintiffs failed to timely respond to Defendant's motion, Defendant filed a Notice [Doc. 655], requesting that the Court construe Plaintiffs' failure to respond as a waiver of any opposition to the relief sought under Local Rule 7.2.

Plaintiffs responded [Doc. 658] that they object to the timing of Defendant's request, and

3

stating that they reserve the individualized right to object to the time, place, manner, conditions, and scope of Defendant's requested examinations, as well as the individual who will perform the examinations. Plaintiffs assert that Defendant's request should be considered untimely because Defendant failed to request these medical examinations at the beginning of Phase II discovery, but rather waited until thirty-two days before the close of fact discovery. Plaintiffs submit that if the examinations were ordered, only Defendant's experts would have access to the results of the physical examinations, as Plaintiffs' expert disclosures are due on December 7, 2020. Therefore, Plaintiffs assert that "[s]hould the Court grant Jacob's request at this late juncture, it may prompt the need to permit Plaintiffs to make supplemental expert disclosures or to disclose additional experts after the December 7 deadline." [*Id.* at 3].

Plaintiffs also claim that Defendant's requests for physical examinations fail to meet Rule 35's requirement for specificity, as "[r]egarding the scope of the proposed examinations, Jacobs provides only cursory details as to the precise testing and medical examinations that will be undertaken." [*Id.* at 4]. Lastly, with respect to their late response, Plaintiffs assert that Defendant cannot demonstrate unfair prejudice by the one-day delay in filing.

Defendant replies [Doc. 663] that it asked for Plaintiffs' agreement on the medical examinations on October 1, 2020—forty-three days before the close of fact discovery—and Plaintiffs' own delays prevented Defendant from requesting the medical examinations earlier. Defendant submits that Plaintiffs delayed several months to appear for depositions and disclose their claimed medical conditions. With respect to Plaintiffs' arguments regarding additional experts, Defendant notes that "the Court's schedule specifically allows for rebuttal experts to be disclosed 'within thirty (30) days after the disclosure made by the other party.'" [*Id.* at 3 (quoting [Doc. 550 at 2])].

Next, Defendant states that while the only requirement Plaintiffs claim was inadequate was

4

"the precise testing and medical examination that will be undertaken," the provided exhibit lists specific tests for each individual Plaintiff. [*Id.* (citing [Doc. 658 at 4])]. Defendant alleges that this exceeds the required specificity of the scope of the examination under Rule 35.

Lastly, Plaintiffs filed a Response [Doc. 664] to Defendant's Notice [Doc. 655], claiming Defendant's "motion has now been fully briefed, and no party has been prejudiced by any delay in briefing," and thus, the Court "should disregard Jacobs' suggestion that the one-day delay in filing should be deemed a waiver of any opposition to Jacobs' Motion." [Doc. 664 at 3].

## II. ANALYSIS

Federal Rule of Civil Procedure 35 provides that, upon motion for good cause and notice to all parties and the person to be examined, "the court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1)-(2). Thus, in order to justify the need for a Rule 35 independent medical examination, Defendant must show (1) that the Plaintiff has put their physical or mental condition "in controversy," and (2) that there is "good cause" for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117–18 (1964).

Here, the Court finds that Defendant has met Rule 35's "in controversy" and "good cause" requirements for the Plaintiffs at issue. *See id.* at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."). Plaintiffs largely do not dispute the need for the medical examinations; rather, they claim that Defendant's request is untimely. However, Defendant has also detailed the delays in obtaining the depositions of Plaintiffs and Plaintiffs' supplemental response to Defendant's

5

interrogatories. Therefore, the Court finds that Defendant's request for the medical examinations at issue is timely, in addition to establishing good cause for the examinations.[1]

Accordingly, having determined that Rule 35 examinations of the Plaintiffs at issue are justified, the Court "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). Plaintiffs broadly claim that "[r]egarding the scope of the proposed examinations, Jacobs provides only cursory details as to the precise testing and medical examinations that will be undertaken." [Doc. 658 at 4]. "However, Rule 35(a) makes clear that it is a court's *order* that must specify the 'time, place, manner, conditions, and scope of the examination,' not a party's *motion*." *Powers v. Chase Bankcard Servs., Inc.*, No. 2:10-CV-332, 2011 WL 1882365, at *1 (S.D. Ohio May 17, 2011) (emphasis in original).

Defendant's attached chart [Doc. 616-1] details the requested Plaintiffs to be examined, their claimed medical conditions, procedures to be performed, why these tests are needed, the date range of the scheduled examination, and the providers to conduct the examination. Plaintiffs have not objected to the proposed physicians or locations of the examinations.

"With regard to the appropriate scope of the [medical examination], [c]ourts are generally reluctant to interfere with a physician's medical judgment regarding the appropriate tests or proper examination procedures." *Madej v. Maiden*, No. 2:16-CV-658, 2017 WL 3446489, at *4 (S.D. Ohio Aug. 11, 2017). Plaintiffs do not challenge any of the specific procedures listed in the chart, and the Court finds that Defendant has established good cause for questioning regarding the Plaintiff's medical and social histories, as well as a physical examination. The Court will not require the

---

[1] Having determined that Defendant has established good cause for the medical examinations under Rule 35, the Court finds it unnecessary to address the parties' arguments regarding Plaintiffs' late-filed response and the application of Local Rule 7.2.

6

medical providers to identify exactly what tests will be employed and finds that the listing of possible tests satisfies the notice requirement of Rule 35. Defendant must notify Plaintiffs of the date and location for the independent medical examination as soon as possible, and the parties must make every effort to agree to a mutually convenient date for the examination.

### III.    CONCLUSION

For the reasons stated above, Defendant's Motion for Rule 35 Physical Examinations [**Doc. 615**] is **GRANTED**, and the Court **ORDERS** the Plaintiffs listed in [Doc. 616-1] to submit to an independent medical examination pursuant to Federal Rule of Civil Procedure 35. The scope of such an examination will be limited to the extent set forth in this opinion. Defendant is **DIRECTED** to notify Plaintiffs as soon as possible of the dates and address of the examinations, and the parties are **INSTRUCTED** to attempt to agree to a mutually convenient date as soon as possible for the examination.

**IT IS SO ORDERED**.

ENTER:

_Bruce Guyton_
United States Magistrate Judge