UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | No.: 3:13-CV-505-TAV-HBG <br><br> *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | No.: 3:13-CV-666-TAV-HBG <br><br> as c*onsolidated with* |
| JOE CUNNINGHAM, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, <br>     Plaintiff, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of <br> kin on behalf of Mike Shelton, et al., <br>     Plaintiffs, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH,<br>　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　Defendant. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　Defendant. | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　Defendant. | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW,<br>　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　Defendant. | No.: 3:16-CV-636-TAV-HBG |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Quash Plaintiffs' Subpoena for the Deposition of Non-Party Jeffrey J. Lyash [Doc. 629],[1] filed on October 16, 2020. Plaintiffs have not responded to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2. Accordingly, the Motion to Quash [**Doc. 629**] will be **GRANTED**.

---

[1] Unless otherwise indicated, citations to the record refer to the docket entries in *Adkisson*, 3:13-CV-505.

2

Case 3:13-cv-00505-TAV-HBG   Document 670   Filed 11/03/20   Page 2 of 6   PageID #: 19919

## I. BACKGROUND

Non-parties Tennessee Valley Authority ("TVA") and Jeffrey J. Lyash ("Lyash"), President and Chief Executive Office of TVA, move [Doc. 629] the Court for an order quashing the subpoena [Doc. 591] issued by Plaintiffs for Lyash's deposition. TVA and Lyash assert that the subpoena should be quashed because (1) it exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26; (2) it subjects Lyash to an undue burden due to his lack of unique personal knowledge; (3) Plaintiffs failed to make a proper demand for Lyash's testimony in accordance with TVA's regulations promulgated under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), 18 C.F.R. § 1301.51 *et seq.*; and (4) Plaintiffs failed to comply with the requirements of Federal Rule of Civil Procedure 45. Plaintiffs also filed the Declaration of Attorney James Chase [Doc. 630] and a Memorandum [Doc. 631] in support of their motion to quash.

## II. ANALYSIS

As previously mentioned, Plaintiffs failed to respond to TVA and Lyash's Motion, and the time for doing so has expired. Plaintiffs' failure to respond constitutes grounds to grant the Motion. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). In any event, however, the Court has reviewed the Motion and finds it to be well taken at this time.

Federal Rule of Civil Procedure 45 governs the use of subpoenas. Specifically, Rule 45(d)(3)(A) provides that a court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Courts have recognized that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253

3

(S.D. Ohio May 6, 2011) (citing *Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, *3 (S.D. Fl. Dec. 10, 2007)). Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery request is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Rule 26(c) states that, upon a showing of good cause, a party or any person from whom discovery is sought may move for a protective order to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). "A court must protect a non-party subject to a subpoena if it 'requires disclosure of privileged or other protected matter' or the subpoena 'subjects a person to undue burden.'" *United States v. Tenn. Walking Horse Breeders' and Exhibitors Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii-iv)). "Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a

4

factor." *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

Here, the Court finds that Plaintiffs have failed to establish the relevance of the deposition of Lyash, as he was not employed by TVA until 2019, which TVA details was more than a decade after the coal ash spill at the Kingston Fossil Plant and more than three years after completion of work at the recovery site. Moreover, the subpoena would subject Lyash to an undue burden because Plaintiffs have failed to identify how he possesses personal knowledge as to any relevant Phase II issues, particularly in light of his status as a non-party and employment history. Additionally, as argued by Lyash and TVA, the Court must acknowledge Lyash's status as executive and claimed lack of personal knowledge in reviewing whether the subpoena would subject him to an undue burden. *See Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (upholding district court's exercise of discretion in granting protective order barring plaintiffs from deposing their employer's chief executive officer, who lacked personal knowledge of relevant facts); *Wagner v. Novartis Pharm. Corp.*, No. 3:07-CV-129, 2007 WL 3341845, at *1 (E.D. Tenn. Nov. 8, 2007) ("When a party seeks to depose high-level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute.") (internal quotation omitted)).

Ultimately, because the Court finds that the subpoena subjects Lyash and TVA to an undue burden, the Court will not address the non-parties' arguments regarding whether Plaintiffs made a proper demand for Lyash's testimony in conformity with applicable regulations or whether the subpoena is defective under Federal Rule of Civil Procedure 45(b)(1).

## III. CONCLUSION

For the reasons stated above, the Motion to Quash [**Doc. 629**] is **GRANTED**, and the subpoena for the deposition of Jeffrey J. Lyash, President and CEO of TVA [Doc. 591] is **QUASHED**.[2]

**IT IS SO ORDERED**.

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[2] The Court notes that TVA and Lyash do not challenge at this time the Subpoena to Produce Documents [Doc. 590], directing Lyash to produce "[a]ny and all materials, documentation, and/or electronically stored information associated with IH monitoring by EnSafe, Inc."

6