UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG  as c*onsolidated with* |
| JOE CUNNINGHAM, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, Plaintiff, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of kin on behalf of Mike Shelton, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:16-CV-636-TAV-HBG |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Quash Subpoena for Non-Party Bergan Clark [Doc. 656],[1] as well as Motion to Quash Subpoena for Non-Party Logan Birdsong [Doc. 657]. Accordingly, for the reasons set forth below, the Motions to Quash [**Docs. 656, 657**] will be **DENIED**.

---

[1] Unless otherwise indicated, citations to the record refer to the docket entries in *Adkisson*, 3:13-CV-505.

## I. BACKGROUND

Non-parties Bergan Clark ("Clark") and Logan Birdsong ("Birdsong") move the Court for an order quashing the subpoenas [Docs. 636, 637] issued by Defendant. [Docs. 656, 657]. The subpoenas command production of "All Communications or Documents concerning the online Facebook group named 'Kingston Coal Ash Survivors' . . . for which [Clark and Birdsong are] listed as a group administrator," as well as their testimony on the "[a]uthentication of all documents produced in accordance" with the documents request. [Docs. 636, 637].[2]

Clark and Birdsong assert that the subpoenas should be quashed because they (1) exceed the scope of permissible discovery under Rule 26; (2) subject non-parties to an undue burden; and (3) seek the disclosure of "extremely private, highly sensitive, and potentially privileged information from a private social media account, which includes not only some of the plaintiffs in this Action, but many different non-parties, including [Clark and Birdsong], whose private information has no bearing on these proceedings." *See* [Docs. 656, 657].[3] Clark and Birdsong both note that Plaintiffs recently objected to similar requests for production of documents related to the Facebook group at issue. *See* [Docs. 656-1, 657-1].

Defendant responded [Doc. 660][4] that the subpoenas seek relevant and non-privileged material. Defendant asserts that several witnesses testified about the existence of the Facebook group at issue during recent depositions, and claims that the Facebook group "includes discussion of Plaintiffs, their claims, and their medication conditions," citing to the declaration of defense

---

[2] The Court notes that Clark and Birdsong are represented by Attorney Louis W. Ringger, III, who is also Plaintiffs' counsel in this case.

[3] Clark and Birdsong filed nearly identical motions to quash, with the exception of their names.

[4] It appears to the Court that Defendant also filed a duplicate response to the pending motions to quash. [Docs. 660, 662].

3

counsel Catherine Anglin in support. [*Id.* at 3]; *see* [Doc. 661]. Additionally, Defendant claims that the Facebook communications are not privileged, as the communications include non-parties to the present case, such as Clark and Birdsong. Defendant alleges that the communications are proportional to the needs of the case, as the "communications are directly relevant to the central issues to the claims in this action," and because the group is private, Defendant has no alternative method to access the communications. [Doc. 660 at 5]. Lastly, Defendant claims that there is minimum burden involved in complying with the subpoena, as Birdsong had already printed the communications at issue and was ready to produce them.[5]

## II. ANALYSIS

Federal Rule of Civil Procedure 45 governs the use of subpoenas. Specifically, Rule 45(d)(3)(A) provides that a court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Courts have recognized that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio May 6, 2011) (citing *Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, *3 (S.D. Fl. Dec. 10, 2007)). Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance

---

[5] Clark and Birdsong did not file a Reply, and the time for doing so has now passed. *See* E.D. Tenn. L.R. 7.1.

4

> of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery request is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Rule 26(c) states that, upon a showing of good cause, a party or any person from whom discovery is sought may move for a protective order to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). "A court must protect a non-party subject to a subpoena if it 'requires disclosure of privileged or other protected matter' or the subpoena 'subjects a person to undue burden.'" *United States v. Tenn. Walking Horse Breeders' and Exhibitors Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii-iv)). "Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor." *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

"[T]here is no dispute that social media information may be a source of relevant information that is discoverable." *Georgel v. Preece*, No. 0:13-CV-57-DLB, 2014 WL 12647776, at *3 (E.D. Ky. Feb. 28, 2014) (quoting *Reid v. Ingerman Smith LLP*, No. CV 2012-0307 ILG MDG, 2012 WL 6720752, at *1 (E.D.N.Y. Dec. 27, 2012)); *see, e.g.*, *Terrell v. Memphis Zoo, Inc.*, No. 17-CV-2928-

5

JPM-TMP, 2018 WL 3520139, at *4 (W.D. Tenn. July 20, 2018). However, this discoverability does not grant parties "a generalized right to rummage at will through information that [an opposing party] has limited from public view," and the party seeking private social media information must still establish under Rule 26 that the requested discovery is relevant and proportional to the needs of the case. *T.C on Behalf of S.C. v. Metro. Gov't of Nashville*, No. 3:17-CV-01098, 2018 WL 3348728, at *14 (M.D. Tenn. July 9, 2018) (internal quotation omitted). "Consequently, courts have denied blanket requests for the contents of social media accounts and instead required that parties bring narrowed requests for information related to the issues in the case." *Terrell*, 2018 WL 3520139 at *4.

While not cited in Clark and Birdsong's motions to quash, Plaintiffs cited these cases in their objections to Defendant's discovery requests seeking the communications from the Facebook group. *See* [Doc. 656-1]. While the Facebook group is private, the Court notes the crucial distinction that the above-cited cases involved defendants attempting to obtain access to all content of the plaintiff's social media accounts. Here, the challenged subpoenas only request communications and documents relating to the Facebook group involving the Kingston Coal Ash Survivors. *Cf. Terrell*, 2018 WL 3520139 at *5 ("The scope of Memphis Zoo's request is far too broad, seeking what is likely to be a vast quantity of private information that would have no bearing on this case.").

Additionally, the Court finds that the requested social media information is relevant, as Defendant has cited to deposition testimony establishing that the Facebook group includes discussion of the Plaintiff's medical conditions. *See, e.g.*, *Monat Glob. Corp. v. Miller*, No. 3:18-MC-24-J-32MCR, 2018 WL 8578017, at *3 (M.D. Fla. Nov. 27, 2018) ("The materials sought by Monat in its Subpoena [to the non-party administrator of a Facebook group related to claims of adverse effects from Monat's hair products], 'all posts, comments, messages, or other statements created or otherwise made in the Group' and 'all posts, comments, messages, or other statements

6

created or otherwise made by [the administrator] regarding Monat or its products,' are discoverable and relevant to the underlying case.") (addressing whether the production by third-party was deficient, and albeit where plaintiff alleged that the third-party may have been engaged in a common scheme with the defendant and conspired to delete information from the Facebook group).

The Court agrees with Defendant that the communications in the Facebook group are not privileged, as they include non-parties, and Clark and Birdsong have failed to demonstrate how the communications in the Facebook group at issue could include extremely private or highly sensitive information concerning the non-parties. The Court trusts that defense counsel will review the "social media discovery in an appropriate, considerate, and professional manner." *See Anderson v. City of Fort Pierce*, No. 14-14095-CIV, 2015 WL 11251963, at *2 (S.D. Fla. Feb. 12, 2015).

Additionally, the subpoenas do not impose an undue burden and are proportional to the needs of the case, as they do request access to all of Clark and Birdsong's social media pages, but rather are narrow in scope and limited to obtaining evidence that is relevant to the instant case—through the Facebook group discussing the Plaintiffs' medical conditions. The Court notes that Birdsong was previously ready to produce all posts from the Facebook group, prior to the instant motions to quash being filed. *See* [Doc. 661]. While Birdsong was seemingly able to produce the requested discovery without issue, if extensive resources are necessary to respond to the subpoenas, the parties are directed to contact the Court. *See Monat*, 2018 WL 8578017 at *3 ("As the Group administrator, Nittinger has access to the requested Facebook materials. Considering the parties' resources and the burden or expense, these factors tip in Monat's favor since Monat will bear the cost of collecting the Facebook Group information.").

7

## III. CONCLUSION

For the reasons stated above, the Motion to Quash Subpoena for Non-Party Bergan Clark [**Doc. 656**], as well as Motion to Quash Subpoena for Non-Party Logan Birdsong [**Doc. 657**], are **DENIED**.

**IT IS SO ORDERED**.

ENTER:

*[signature: Bruce Guyton]*

United States Magistrate Judge