UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG  as c*onsolidated with* |
| JOE CUNNINGHAM, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, Plaintiff, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of kin on behalf of Mike Shelton, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:16-CV-636-TAV-HBG |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Bar Late Expert Reports [Doc. 715], filed on December 10, 2020. The Court subsequently ordered expedited briefing on the Motion on December 11, 2020 [Doc. 718], and Plaintiffs filed their Response [Doc. 724] on December 15, 2020.[1] Defendant then filed a Reply [Doc. 726] on December 17, 2020.

---

[1] Plaintiffs additionally filed a Corrected Response [Doc. 725-1], correcting one footnote, on December 16, 2020.

Accordingly, for the reasons set forth below, Defendant's Motion to Bar Late Expert Reports [Doc. 715] will be **GRANTED**.

## I. BACKGROUND AND POSITIONS OF THE PARTIES

Defendant seeks [Doc. 715] for the Court to bar Plaintiffs from providing an additional eight expert reports that Plaintiffs have indicated that they intend to serve after their December 7, 2020 deadline. For background, Defendant notes that the Court previously ordered Plaintiffs to disclose any expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2) by December 7, 2020. [Doc. 550]. In particular, the Court stated that the deadlines set in the June 10, 2020 Order would "not be extended absent extraordinary circumstances" and "delays occasioned by discovery disputes . . . [or] the press of other business or work-related demands alone" would not constitute extraordinary circumstances. [*Id.* at 2]. Additionally, Defendant notes that although the parties attempted to jointly stipulate to an adjusted expert discovery schedule, with separate dates for generic and plaintiff-specific experts, in their Joint Motion for the Court to Set Additional Deadlines in Preparation for Phase II Trials [Doc. 567], the Court found that the motion was not well-taken and the parties have failed to cite extraordinary circumstances in their motion [Doc. 573 at 3–4].

Defendant states that despite Plaintiffs' deadline for the disclosure of expert testimony being December 7, 2020, and Plaintiffs serving numerous expert reports, Plaintiffs have indicated that they intend to provide additional expert reports on the damages claimed by Plaintiffs William Rose, Clint Mannis, Dan Cody, Harvey Bass, Jimmy Kilby, Kevin Thompson, Mike McCarthy, and Roy Enoch Edmonds. Defendant contends that the "soon to be provided" reports may not be "supplemental," because "no original report was served on Monday to supplement." [Doc. 715 at 3]. Therefore, Defendant seeks an order barring Plaintiffs from serving the allegedly untimely expert reports. Defendant also cites the Declaration of Defense Counsel Peter Modlin [Doc. 716], and accompanying exhibits, in support.

3

Plaintiffs respond [Doc. 724] that their "expert disclosures have complied with the spirit of this Court's scheduling order, but to the extent Plaintiffs did not strictly comply, this Court should excuse the technical non-compliance and allow disclosure of the additional reports on damages, as Defendant will suffer no prejudice as a result." [*Id.* at 7].

Plaintiffs first also review the applicable background, stating that they recently disclosed over fifty separate expert reports from fifteen different testifying experts to Defendant, on both the issues of specific causation and damages for the vast majority of *Adkisson* plaintiffs. However, Plaintiffs state that they were unable to produce the full reports of all damages experts, because for the plaintiffs at the subject of Defendant's motion, "Plaintiffs' counsel was not in a position to seek an evaluation on future medical expenses until they knew the conditions for which they would be able to prove specific causation through their causation experts." [*Id.* at 6].

Accordingly, Plaintiffs assert that they waited to receive the full causation opinions before their expert, M. Salerno and Associates, could complete their full future damages calculations for seven Plaintiffs. Plaintiffs maintain that attempting to prove medical conditions on every claimed condition, including those for which support could not be obtained, would be prohibitively expensive and lead to extensive motion practice relating to future damages. Plaintiffs state that they provided the names and other necessary information for their experts to Defendant, as well as their intention to disclose the seven additional reports with a full calculation of future damages when they are received. Plaintiffs point to the complexity of the issues in this case and the complexity of each Plaintiff's particular medical conditions and exposure and claim that they have worked diligently to meet the Court's scheduling deadlines. Additionally, Plaintiffs assert that Defendant will not suffer prejudice, as no trial dates have been set in this case. However, Plaintiffs maintain that if the Court finds prejudice to Defendant, they "request that this Court remediate this potential prejudice by extending Defendant's time for disclosing expert reports responsive to the additional reports from

4

Plaintiffs' damages experts." [*Id.* at 9].

In their Corrected Response [Doc. 725-1], Plaintiffs note that "M. Salerno and Associates have committed to completing the full reports for the seven individuals at issue by December 31, 2020, at which time the reports will be disclosed to the defense." [*Id.* at 7].

Further, with respect to Plaintiff Kaleb Rose[2], Plaintiffs assert that they "encountered unanticipated difficulty in obtaining sufficient records to fully calculate the loss of earning for decedent William Rose," and thus their expert—Marianne Wanamaker, Ph.D.—was unable to complete her full appraisal of lost income and household services. [Doc. 724 at 7]. Plaintiffs, however, maintain that they have worked diligently to obtain all necessary records and request for the Court to allow additional time to produce the opinion, with the stipulation that Defendant also be afforded additional time to respond to this report.

Defendant replies [Doc. 726] that Plaintiffs fail to identify any "extraordinary circumstances" required under the Court's previous Order [Doc. 550] "to justify their failure to meet the expert disclosure deadline or request an extension of it." [Doc. 726 at 3]. First, Defendant asserts that delays in waiting to receive the opinions of causation experts, or to obtain documents, as well as the extent of discovery, are the sort of circumstances—"the press of other business or work-related demands alone," [Doc. 550 at 3]—that the Court previously disclaimed as constituting extraordinary circumstances. Moreover, Defendant claims that even absent the Court's prior order, Plaintiffs would still be required to show excusable neglect because of their failure to request an extension before the applicable deadline.

Lastly, Defendant alleges that even if good cause was the applicable standard, Plaintiffs have

---

[2] The Court notes that on May 16, 2016, Plaintiff Kaleb William Rose, next of kin and Executor of the Estate of Plaintiff James William ("Bill") Rose, was substituted as the Plaintiff in this action. [Doc. 40 in 3:15-cv-17].

5

not acted diligently in complying with the expert disclosure deadline, as they failed to explain their failure to timely seek an extension regarding expert disclosures. Defendant also claims that Plaintiffs failed to timely produce the other expert reports, claiming that Plaintiffs "served an entirely new causation opinion for Plaintiff Jimmy Kilby" on December 11, 2020. [Doc. 726 at 4]. Additionally, Defendants asserts that on December 10, 2020, Plaintiffs "submitted a substantially revised report from their epidemiologist . . . which materially changed the medical conditions that Dr. Ward claims were caused by exposure to fly ash for multiple Plaintiffs, and introduced pointed disagreements with one of Plaintiffs' other experts, Dr. Rajogopalan." [*Id.* at 8]. Defendant cites an additional declaration of Peter Modlin, and related exhibits, in support. [Doc. 726-1].

Defendant also claims that it "has been prejudiced by Plaintiffs' continuous delays in identifying which conditions they claim were caused by fly ash, which has only compounded the difficulty of preparing Jacobs' expert reports over the Christmas and New Year's holidays." [Doc. 726 at 5]. Defendant claims that the thirty-day rebuttal deadline does not eliminate the asserted prejudice. Additionally, Defendant alleges that it is immaterial whether Plaintiffs complied with the "spirit" of the Court's previous discovery order, as Rule 26 requires that an expert disclosure is accompanied by a written report. [*Id.* at 6].

## II. ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure requires that parties disclose the identity of any expert witness that they intend to use at trial under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(a). Further, parties are required to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). As detailed above, on June 10, 2020, the Court ordered Plaintiffs to disclose any expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2) by December 7, 2020, and stated that the deadlines would "not be extended absent extraordinary circumstances" and "delays occasioned by discovery disputes . . . [or]

6

the press of other business or work-related demands alone" would not constitute extraordinary circumstances. [Doc. 550].

While Plaintiffs produced several expert reports prior to the deadlines, the parties agree that they did not timely disclose eight experts, although Plaintiffs claim that they "indicated their intention to disclose eight additional reports, with a full calculation of damages, once those reports are received." *See* [Doc. 724 at 3]. When the reports are provided for these expert opinions on damages, they will not be supplementing a report, as Rule 26(a)(2)(B) requires, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming [the opinions]." Fed. R. Civ. P. 26(a)(2)(B)(i) and (ii). Therefore, the Court finds that Plaintiffs failed to timely disclose the expert reports for Plaintiffs William Rose, Clint Mannis, Dan Cody, Harvey Bass, Jimmy Kilby, Kevin Thompson, Mike McCarthy, and Roy Enoch Edmonds, as required by Rule 26(a)(2).

Plaintiffs, however, request an extension of time in which to disclose these expert reports. Plaintiffs' request is governed under Federal Rules of Civil Procedure 6 and 16. Rule 6 provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the deadline." Fed. R. Civ. P. 6(b)(1). Rule 16 states, "A schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). Further, pursuant to the District Judge's Scheduling Order, any party requesting an extension of the deadlines must show extraordinary circumstances. [Doc. 550 at 2].

First, the Court finds that Plaintiffs have not established extraordinary circumstances for an extension, as they were aware of the Court's imposed deadline for disclosing their experts. The parties jointly moved [Doc. 567] for separate dates for generic and plaintiff-specific experts; however, on August 17, 2020, the Court denied the motion, finding that the parties failed to cite any extraordinary circumstances for the Court to consider [Doc. 573 at 4]. District Judge Varlan detailed

that the parties "claim that the agreed-upon schedule would provide for expeditious and efficient trial preparation," but noted that the parties had added additional attorneys to assist in Phase II trial preparation, "and the current expert disclosure deadlines are approximately four (4) and five (5) months away." [*Id.*].

Plaintiffs were aware that the December 7, 2020 deadline would remain in place well in advance of its expiration, and again have failed to cite to extraordinary circumstances warranting an extension. Plaintiffs claim that they have disclosed over fifty separate expert reports and point to the complexity of issues in this case and the complexity of each plaintiff's particular medical conditions and exposure. However, Plaintiffs were previously aware of their alleged need for "damages experts to carefully examine the specific causation determinations of the other experts," and fail to establish how the present request differentiates from their previous motion for an extension of time to designate generic and plaintiff-specific experts. [Doc. 724 at 7]. With respect to Plaintiff Kaleb Rose, Plaintiffs fail to detail what unanticipated difficulty arose that lead to them being unable to obtain the necessary records. Again, Plaintiffs were aware of the imposed deadline and fail to establish that they did not have access to the necessary records.

Moreover, the Court finds that Plaintiffs have also not established good cause for an extension of time to disclose their experts. "A party must disclose his or her expert witnesses by the scheduling-order deadline" and "[i]f the party cannot meet that deadline, he or she can move to amend the scheduling order." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing Fed. R. Civ. P. 16(b)(4)). "When considering a motion to amend, a district court will examine (1) whether the moving party has shown 'good cause,' and (2) whether the modification will cause the opposing party to experience possible prejudice." *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

"To show good cause, a moving party can demonstrate that he or she diligently attempted to

meet the original deadline." *Id.* (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). "For this issue, there are five factors to consider: '(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests.'" *Id.* (internal citations omitted). "The central question among these factors is whether a party acted diligently." *Id.* (citing *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)).

The Court cannot find that Plaintiffs acted diligently in attempting to meet their deadline to disclose the eight expert reports at issue. Plaintiffs were aware of their plan for obtaining expert opinions, the need for applicable records, as well as the Court-imposed deadline. Additionally, Plaintiffs were reminded by the Court in August that their expert disclosure deadlines were approximately four months away. Ultimately, Plaintiffs were aware that their damages experts were to rely on the reports of the causation experts in order to provide their opinions, and failed to account for an appropriate period of time for this analysis to be conducted—despite being reminded of the Court's deadline. *See, e.g.*, *Gipson v. Progressive Cas. Ins. Co.*, No. 3:17-CV-205-RGJ-CHL, 2018 WL 3795285, at *2 (W.D. Ky. Aug. 9, 2018) ("Further, Plaintiff is not asking the Court to deem timely a report that was disclosed prior to the expiration of the extension she thought she had secured or an otherwise existing and disclosed report."). Plaintiffs' counsel has had access to the applicable client records and do not detail how the failure to obtain necessary records for Plaintiff Rose was not merely the result of dilatory efforts.

Moreover, Plaintiffs did not request an extension of time prior to the expiration of their deadline to disclose experts. Defendant also asserts that Plaintiffs have served a new causation opinion for Plaintiff Jimmy Kilby and a substantially revised expert report from their epidemiologist after the expiration of the deadline to disclose experts. The Court also agrees with Defendant that

9

Plaintiffs' counsel had access to their client's medical records for an extensive period of time prior to the impending deadline to disclose experts. Lastly, the Court finds that Defendant will be prejudiced through their upcoming deadline to prepare expert reports to the extent that their experts are not intended solely to serve as rebuttal experts. Therefore, the Court finds that Plaintiffs have not established good cause for an extension of the deadline to disclose their expert reports.

Accordingly, having found the above-described violations, the Court must next look to Rule 37(c)(1) in order to decide whether the opinions should be excluded. If a party fails to timely disclose its expert witnesses, Rule 37 provides that:

> [T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

"The Sixth Circuit uses a five-factor test to determine whether a party's failure to provide information under Rule 26(a) is 'substantially justified' or 'harmless.'" *Villa v. Empire Truck Lines, Inc.*, No. 2:17-cv-2834, 2018 WL 5833082, at *2 (W.D. Tenn. Nov. 7, 2018). In *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015), the Sixth Circuit instructed that courts should consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 748 (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir.

2014)).

The nonmoving party has the burden to show harmlessness or that the failure was substantially justified. *Haley v. Kundu*, No. 1:11-CV-265, 2013 WL 12030022, at *1 (E.D. Tenn. May 7, 2013) (citing *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 755–57 (E.D. Mich. 2008)). Plaintiffs argue that "Defendant will suffer no prejudice as a result of any delay in receive these eight additional reports," as "no trial dates have been set for any of these eight cases . . . and Defendant will have plenty of time to review and respond to the additional reports in a timely manner." [Doc. 724 at 11]. "However, Rule 37(c)(1) does not require that [the moving party] show prejudice; rather, the rule requires that [the non-moving party] show harmlessness or justification." *Starlink Logistics, Inc. v. ACC, LCC*, No. 1:18-CV-0029, 2020 WL 619848, at *4 (M.D. Tenn. Feb. 10, 2020).

Courts have explained, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015), *aff'd*, 665 F. App'x 435 (6th Cir. 2016) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)) (other citations omitted). Further, courts have explained that "exclusion of expert testimony is the 'standard sanction' for a violation of Rule 26." *Id.* (citing *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999)).

The Sixth Circuit has held that "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless nondisclosure was justified or harmless." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). Therefore, the Court finds that Plaintiffs have failed to meet their burden to establish harmlessness of their failure to timely disclose the eight

11

expert reports at issue.

Additionally, in considering the various factors outlined in *Howe*, the Court finds that Plaintiffs' failure to disclose these expert reports is neither substantially justified or otherwise harmless.[3] With respect to the surprise to Defendant, Plaintiffs largely do not address this factor, other than potentially claiming that they disclosed the names and other additional information for their damages experts, with the full reports with damages calculations to follow. Defendant is therefore aware that the expert report is intended to fully calculate these Plaintiffs' future damages. The Court, however, notes Defendant's arguments on "Plaintiffs' continuous delays in identifying which conditions they claim were caused by fly ash." [Doc. 726 at 5].

As detailed above, Plaintiffs' arguments largely revolve on the alleged lack of prejudice to Defendant, "a consideration the Court finds is more appropriately assessed under the second factor." *See Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2018 WL 3460244, at *7 (E.D. Tenn. July 18, 2018), *aff'd*, 2018 WL 4006782 (E.D. Tenn. Aug. 22, 2018). The parties have not addressed the impact on the depositions of any experts or discovery, as fact discovery has concluded, and their arguments revolve around Defendant's ability to provide rebuttal experts. Defendant, however, notes that several of their experts will not be used "solely to contradict or rebut evidence on the same subject matter identified" by Plaintiffs. [Doc. 726 at 6]; *see* [Doc. 550]. Again, the Court notes the January 6, 2021 deadline for Defendant to disclose any expert testimony. Therefore, the Court finds that Defendant has a limited ability to cure the surprise from Plaintiffs' failure to timely disclose their experts due to the established schedule for Defendant to disclose its expert witnesses.

---

[3] Ultimately, the Court will not review these factors in great detail, as they were not addressed by either Plaintiffs or Defendant, and due to the applicable burden, will focus on the arguments as set forth by Plaintiffs.

12

This analysis ties into the third factor. While a trial date has not been set in this matter, permitting this evidence would disrupt the carefully planned discovery schedule the Court has put in place so that these cases can promptly proceed to trial. Both parties are substantially aware of the delay and procedural hurdles required to try this case. The Court has repeatedly reiterated to the parties the importance of promptly and timely complying with their discovery obligations. Defendant's response to Plaintiffs' expert reports is due on January 6, 2021, leaving Defendant's experts with "only 30 days to prepare such responses, including the upcoming holidays." [Doc. 715 at 4]. Therefore, "[t]he court finds that allowing Plaintiffs' late expert report[s] would likely cause a significant disruption of the trial." *See Askew v. City of Memphis*, No. 14-CV-02080-STA-TMP, 2016 WL 4533587, at *5 (W.D. Tenn. Mar. 15, 2016), *aff'd*, 2016 WL 2757435 (W.D. Tenn. May 12, 2016); *see also Pummell v. Burkes*, No. 2:15-CV-3034, 2018 WL 1875596, at *3 (S.D. Ohio Apr. 19, 2018) ("[W]hile no trial date has yet been set, permitting the supplemental witnesses to testify would be disruptive. This case has been pending for nearly two and a half years. Allowing these witnesses to testify would further delay a trial date and burden Defendants.").

Next, the Court finds that Plaintiffs have not largely addressed the importance of these expert reports, other than claiming these expert reports include "a precise calculation of future damages." [Doc. 724 at 6]; *Cf. Adkisson*, 2018 WL 4006782, at *4 ("Dr. Terry is plaintiffs' sole expert witness on the key issue of general causation and as such is significant."). Lastly, as largely detailed throughout this opinion, the Court finds that Plaintiffs have not provided a sufficient explanation for not timely disclosing the expert reports. Plaintiffs were repeatedly aware of both its intended process to obtain causation and damages experts, as well as the Court's deadline. With respect to Plaintiff Kaleb Rose, the Court does not find that Plaintiffs' have proffered a sufficient explanation for their delay. Plaintiffs' explanation does not establish that their failure to timely disclose these expert witnesses was "substantially justified." *Howe v. City of Akron*, 801 F.3d 718, 749 (6th Cir.

13

2015)

Therefore, the Court finds that the failure to timely disclose the expert reports at issue was neither substantially justified nor harmless. As such, Rule 37(c)(1) requires automatic exclusion of these reports. *See, e.g.*, *Reynolds v. Addis*, No. 18-13669, 2019 WL 8106245, at *4 (E.D. Mich. Oct. 25, 2019) ("The *Howe* factors create a mixed bag here, with some supporting harmlessness and others not. But, particularly in light of the defendants' failure to establish the importance of Primeau's opinions concerning timing, their failure to seek an extension of time to name additional experts (which was based on a meritless claim that the late filing did not violate the Rule), and the unsatisfactory explanation for the delay, on balance, there exists insufficient grounds to excuse the delay.").

## III.     ANALYSIS

Accordingly, for the reasons set forth below, Defendant's Motion to Bar Late Expert Reports [**Doc. 715**], addressing additional expert reports on the damages claimed by Plaintiffs Kaleb William Rose, Clint Mannis, Dan Cody, Harvey Bass, Jimmy Kilby, Kevin Thompson, Mike McCarthy, and Roy Enoch Edmonds, will be **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

*Bruce Guyton*
United States Magistrate Judge